RICE v. IONIA PROBATE JUDGE.

1. STATUTES—TITLE—EXPRESSION OF OBJECT.
     The title of Act No. 364, Local Acts 1905, viz., " An act to provide for the locating and establishing of drains within the county of Ionia," sufficiently gives notice that the act is an original one so far as the county is concerned, and that any constitutional provision in regard to the construction of drains is admissible under it in the body of the bill, and hence is sufficient, under article 4, § 20, of the Constitution.

2. SAME—AMENDING ACTS.
     Act No. 364, Local Acts 1905, providing for the locating and establishing of drains in Ionia county, section 2 of which prescribes certain preliminary steps as a condition of action " under the general law," does not attempt to revise, alter, or

amend the general drain law, within the meaning of article 4, § 25, of the Constitution, requiring an act revised, or a section altered or amended, to be re-enacted and published at length, but merely supplements the general law with some additional requirements in respect to Ionia county.

3. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS.

Act No. 364, Local Acts 1905, relating to the locating and establishing of drains within Ionia county, and which provides that it shall not apply to any case where a contract for the construction of a drain, or any part thereof, has been made, does not impair the obligation of any contract.

4. SAME—VESTED RIGHTS.

The drain commissioner has no such contractual relations or vested rights under the law that his duties may not at any time be suspended, restricted, or enlarged; nor have parties interested in the construction of drains such rights.

5. STATUTES—CONSTRUCTION—POLICY OF LAW.

The policy of a law is for the legislature, and not for the courts, to consider, and, so long as the law is capable of enforcement, it must be sustained, no matter how strict the requirements are or what difficulty may be encountered in enforcing them.

Certiorari to Ionia; Davis, J. Submitted October 17, 1905. (Calendar No. 21,344.) Decided November 21, 1905.

Mandamus by Charlie C. Rice, drain commissioner, to compel Montgomery Webster, probate judge of Ionia county, to appoint commissioners to determine the necessity of a certain drain. There was an order denying the writ, and relator brings certiorari. Affirmed.

The principal question involved in this case is the validity of Act No. 612, Local Acts 1905, which reads as follows:

"An act to provide for the locating and establishing of drains within the county of Ionia.

"*The People of the State of Michigan enact:*

"SECTION 1. In the county of Ionia no drain shall be located or established or cleaned out, straightened, widened, deepened or extended unless the same shall be necessary to the public health, and the question of public

convenience or welfare shall not be taken into any consideration in any proceedings to establish drains in said Ionia county.

"SEC. 2. In the county of Ionia, before any action can be taken by the drain commissioner under the general law, there shall be filed with him an application signed by the owners of over one-half of the value of the lands liable to an assessment for benefits in the construction of the proposed drain as shown by the last assessment roll of said lands: *Provided*, That in the county of Ionia, before any action can be taken by the drain commissioner to sell any drain or any part thereof, the drain commissioner shall make an actual assessment of all lands benefited by such drain, and after such assessment is completed and before anything further can be done, there shall be filed with the drain commissioner an application signed by the owners of land of over one-half of the value of benefits in the construction of the proposed drain according to the assessment made by the drain commissioner on said proposed drain. If, for any reason, the drain commissioner does not receive an application signed by the owners of land of over one-half of the value for benefits in the construction of the proposed drain within sixty days, said proposed drain shall stand suspended and nothing further shall be done towards the construction of said proposed drain.

"SEC. 3. In locating such drain in said Ionia county, the county drain commissioner shall be limited and confined to the precise starting point, route and terminus as set forth in the application for such drain.

"SEC. 4. The board of supervisors of Ionia county, at any session thereof, may from time to time, by resolution, fix and determine such further conditions other than those herein set forth, to be complied with before all or any contract shall be made or entered into for the construction, improvement or clearing out of any drain as provided by the general drain law, as to such board shall seem necessary and proper to protect all persons and townships that may be affected by the proceedings; and no contract or expenditure shall be made or entered into by the drain commissioner or his deputy without first complying with such conditions. Such board may in like manner fix and determine the number and kind of employés the drain commissioner may employ and fix their compensation, and they may require that said commissioner in each year report to the board, at their

October session, a full and detailed statement and account, under oath, of the time actually spent by him during the year, in the discharge of his duty, and for what purpose, the names of all employés, and the time actually spent by each, and for what purpose their labor was performed, and the amount paid or agreed to be paid on each drain and also all other expenditures, and the names of all persons to whom moneys have been paid, and the amount paid each, and the purpose for which said expenditure was made. The board may allow or disallow any item in whole or in part, and items charged in such report and account and only so much thereof shall be paid as shall be thus allowed, and no more than one-half of the several items in such report and account shall be paid, or order drawn therefor, under the provisions of section six, chapter nine of the general law, until such accounts have been thus allowed by the board of supervisors, as in this section provided. Such board of supervisors of Ionia county may, by a majority vote of all the members elect, remove such drain commissioner or his deputy or both of Ionia county, and appoint another in his or their place or stead: *Provided,* That the drain proceedings now pending in Ionia county, in which contracts for construction of drains have not already been let, shall stand suspended, and nothing further shall be done regarding the same, until the board of supervisors of Ionia county shall have taken action under the provisions of this section in the first instance: And it is *further provided,* That in the county of Ionia no work upon a drain shall be accepted, unless so accepted by a board consisting of the drain commissioner, the supervisors and highway commissioners of the townships through which said drain passes or is constructed, and such work must be accepted by a majority of said board: And it is *further provided,* That in said county of Ionia no money shall be paid on any section of a drain until said section is fully completed according to contract and accepted by said board.

" This act is ordered to take immediate effect."

The following objections are made to its validity:

" 1. The object of the act is not sufficiently expressed in its title, and is therefore in violation of section 20, art. 4, of the Constitution.

" 2. It revises, alters, modifies, and amends the general drain law, without complying with section 25, art. 4, of the Constitution.

" 3. It contains retrospective provisions impairing the obligation of contracts, in violation of section 43, art. 4, of the Constitution.

"4. The entire act is incomplete, inoperative, and incapable of enforcement."

*R. A. & W. E. Hawley,* for relator.

*A. A. Ellis* and *Morse & Locke,* for respondent.

GRANT, J. (*after stating the facts*). 1. There is nothing in the body of this act that is not germane to the general object expressed in the title. Its title gave notice that it was an original act so far as the county of Ionia was concerned, and that any constitutional provision in regard to the construction of drains was admissible under it in the body of the bill. The purpose of this constitutional provision and its application have been so often discussed by this court that we deem it unimportant to attempt to add thereto. Its purpose is well stated in *People* v. *Mahaney,* 13 Mich. 494. See, also, Cooley on Constitutional Limitations (6th Ed.), p. 172; *Kurtz* v. *People,* 33 Mich. 279; *People* v. *Worden Grocer Co.,* 118 Mich. 604; *Swartwout* v. *Railroad Co.,* 24 Mich. 398. The title also gave notice that the general drain law might be entirely superseded, changed, or amended, or repealed so far as it affected the county of Ionia. Counsel criticise the act severely on account of the alleged difficulties to be encountered in its enforcement. These are matters for the legislature, and not for the courts.

2. Section 25, art 4, of the Constitution, provides that "no law shall be revised, altered or amended by reference to its title only; but the act revised or the section or sections of the act altered or amended shall be re-enacted and published at length." This act contemplates keeping in force the machinery of the general law, for in section 2 it is provided: "In the county of Ionia, before any action can be taken by the drain commissioner under the general law, there shall be filed with him," etc. There is no attempt in this to revise, alter, or amend the general law.

It modifies or amends certain provisions of the general law only so far as it affects the county of Ionia, and then supplements it with some additional requirements. This case is controlled by *People* v. *Shuler,* 136 Mich. 161.

3. It does not impair the obligations of any contract. It carefully provides that it shall not apply to any case where a contract for the construction of a drain or any part thereof has been let. The commissioner has no such contractual relations under the law, or vested rights, that his duty may not at any time be suspended, restricted, or enlarged. Neither have parties interested in the construction of drains such rights. *Scribner* v. *City of Grand Rapids,* 119 Mich. 188; *Wheeler* v. *Board of Control of State Public School,* 137 Mich. 291; *Board of Sup'rs of Saginaw Co.* v. *Hubinger,* 137 Mich. 72. Legislation similar to this is not new in this State. Act No. 91, Pub. Acts 1901; Act No. 237, Pub. Acts 1903; Act No. 21, Pub. Acts 1905.

4. From what has already been said it is apparent that the fourth objection is not maintainable. There is no provision which is not capable of enforcement.[1] The policy of the law is for the legislature, and not for the courts. So long as the law is capable of enforcement it must be sustained, no matter how strict the requirements are or what difficulty may be encountered in enforcing them. The number of the petitions and the provisions thereof required in the initiatory proceedings, and the strictness with which they are limited to the precise route set forth in the petition, and the other provisions of the act, are matters which the Constitution has vested in the legislature, and cannot be condemned by the courts because difficult of enforcement.

The order of the circuit court is affirmed.

McALVAY, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.

[1] See *Albert* v. *Gibson,* post, 698.—REPORTER.