WHITMORE v. IONIA PROBATE JUDGE.

1. DRAINS—STATUTES—REPEAL.
   Act No. 612, Local Acts 1905, repealing the general drain law with respect to Ionia county, does not repeal, as to Ionia county, the law governing the construction of drains through several counties.

2. STATUTES—REPEAL—IMPLICATION.
   Repeals by implication are not favored.

Certiorari to Ionia; Davis, J. Submitted February 12, 1907. (Calendar No. 21,713.) Decided July 13, 1907.

Mandamus by Monroe W. Whitmore, Elon P. Potter, and John F. Kohn, drain commissioners of Clinton, Gratiot, and Ionia counties, to compel Montgomery Webster, probate judge of Ionia county, to appoint special commissioners in certain drain proceedings. There was an order denying the writ, and relators bring certiorari. Reversed and writ granted.

*William M. Smith* and *R. A. & W. E. Hawley*, for relators.

*Morse & Locke*, for respondent.

GRANT, J. The relators, commissioners, respectively, of Clinton, Gratiot, and Ionia counties, took the steps provided by chapter 106, 2 Comp. Laws, to construct a continuous drain traversing the three counties. The provisions applicable to such a proceeding are found in sections 4371 to 4378, inclusive. The proceedings were regular under that statute, and it is immaterial to set them out in detail. The probate judge of Ionia county, where the proceedings were commenced, refused to appoint special commissioners, holding that Act No. 612, Local Acts 1905, applied to drains running through several counties, as well as to drains located entirely within the

county of Ionia.  The commissioners then applied to the circuit court for the county of Ionia for the writ of mandamus to compel the probate judge to entertain the application and appoint commissioners.  The circuit court refused to grant the writ, holding to the same effect as did the probate judge.  The case is now before us for review on the writ of certiorari.

Act No. 612 was before us in *Rice* v. *Ionia Probate Judge*, 141 Mich. 692, and is there given in full.  We need not here repeat any of its provisions.  This proceeding was taken by the commissioners before the enactment of Local Act No. 612.

The sole question is:  Does that local act repeal or supersede the general law in regard to drains traversing several counties?  Repeals by implication are not favored.  There is no language, either in the title or the body of that act, referring to or showing any intention to repeal or supersede the general law covering the construction of drains through several counties.  All its provisions relate, and are applicable, to drains located entirely within the county of Ionia, and to the action of the one commissioner of that county acting independently in the construction of local drains.  We think the act cannot be extended to include the law governing the construction of drains through several counties.

Some other questions are raised as to the location and construction of this drain and its effect upon Maple river.  It is to be presumed that the commissioners will proceed according to law.  If they shall undertake to unlawfully interfere with the riparian rights of landowners along that stream, and to unlawfully divert or otherwise affect the flow of water therein, such owners can obtain relief in the proper proceeding.

The judgment is reversed, and the probate court directed to proceed under the statute.

McALVAY, C. J., and CARPENTER, BLAIR, and MONTGOMERY, JJ., concurred.