THE PEOPLE v. JAMES N. MILLER ET AL.

*Constitutional law—Title of act—Destruction of fish—Penalty.*

1. The object of Act No. 512, Local Acts of 1887, which makes it unlawful to take, catch, or kill any fish in Klinger lake with spear, net, grap-hook, or by use of jacks or artificial light of any kind, or any kind of fire-arms or explosive material, or other device, except by hook and line, is clearly expressed in its title, namely, "An act to prevent the destruction of fish in Klinger lake."

2. It was held in *Insurance Co. v. Raymond,* 70 Mich. 485, unnecessary to indicate in the title of a law any punishment for the violation of its provisions.

Error to St. Joseph. (Loveridge, J.) Submitted on briefs November 11, 1891. Decided November 13, 1891.

Respondents were convicted of violating Act No. 512, Local Acts of 1887. Conviction affirmed. The facts are stated in the opinion.

*F. W. Knowlen* and *Howell, Carr & Barnard,* for respondents.

*A. A. Ellis,* Attorney General, and *H. P. Stewart,* Prosecuting Attorney, for the people.

GRANT, J. The respondents were convicted of the violation of Act No. 512, Local Acts of 1887, entitled "An act to prevent the destruction of fish in Klinger lake."

Section 1 makes it unlawful for any person to take, catch, or kill any fish in said lake for the term of 10 years, with spear, net, grap-hook, or by the use of jacks or artificial light of any kind, or any kind of fire-

arms or explosive material, or other device, except by hook and line.

Section 2 imposes a penalty for any violation of the act.

Three objections are raised to the validity of the act:

1. That the object is not expressed in its title.

2. That the title is inconsistent with the provisions of the act.

3. That the title to the act does not indicate that there is any punishment attached to a violation of its provisions.

· We see no force in either of these objections. It is too clear for argument that the prohibited acts tend to the destruction of fish. The object, therefore, is found clearly expressed in the title. There is but one general object of the law, and the title fairly indicates it.

The last point is ruled by *Hartford Fire Ins. Co. v. Raymond,* 70 Mich. 485, wherein it was held unnecessary to indicate in the title of a law any punishment for the violation of its provisions. It was there said:

" The act must, of necessity, visit some form of punishment or penalty for violations of its provisions, as the penalty is the only lever that could give practical effect to the law."

Conviction is affirmed.

The other Justices concurred.