PEOPLE v. CRUCIBLE STEEL CO. OF AMERICA.

COSTS—LIABILITY OF PEOPLE—PENAL STATUTES.

> An action by the people against a foreign corporation to recover the penalty provided by Act No. 206, Pub. Acts 1901, as amended, for doing business in this State without filing its charter, is an action brought " upon a penal statute " within the meaning of section 11277, 3 Comp. Laws, exempting the people from liability for costs in such actions.

Assumpsit by the People of the State of Michigan against the Crucible Steel Company of America for the amount of a statutory penalty: On motion to vacate the order awarding costs against the State. Submitted February 25, 1908. (Calendar No. 22,412.) Granted March 17, 1908.

*John E. Bird*, Attorney General (*Arthur P. Hicks*, of counsel), for the motion.

*H. M. & D. B. Duffield*, contra.

MONTGOMERY, J. This case was determined on appeal from an order overruling the demurrer. The judgment was reversed and the demurrer sustained. The decision is reported in 150 Mich. 563. This motion is to modify

the judgment by vacating the order entered awarding costs against the State.

The action was brought to recover a penalty provided by section 1, Act No. 206, Pub. Acts 1901, as amended by Act No. 34, Pub. Acts 1903, which provided:

"It shall be unlawful for any corporation organized under the laws of any State of the United States (except the State of Michigan), or of any foreign country to carry on its business in this State, unless it shall first have filed and recorded, in the office of the secretary of State, a certified copy of its charter, or articles of incorporation. * * * Every corporation subject to the provisions of this section which shall neglect or fail to comply with its requirements, shall be subject to a penalty of one thousand dollars for every month that it continues to transact any business in Michigan, without complying with the requirements of this section, to be recovered by action in the name of the people of the State of Michigan in any court of competent jurisdiction." * * *

After this action was brought, and after the appeal from the circuit court, as appears from the opinion in the main case, by Act No. 310, Pub. Acts 1907, the provision imposing this penalty was repealed, and it was for this reason that the judgment of the circuit court was reversed and the demurrer sustained.

Section 11277, 3 Comp. Laws, provides:

"In all civil suits and proceedings by or in the name of the people of this State, instituted by any officer duly authorized for that purpose, and not brought on the relation, or for the use of any citizen, *or upon any penal statute*, the people shall be liable for costs in the same cases, and to the same extent, as if such suit or proceeding were instituted by an individual."

If this action was an action upon a penal statute, the people are not liable for costs in the case. It would seem very clear that this statute is a penal statute in the broadest sense. We understand a penal statute to be a statute imposing a penalty for doing that which the statute prohibits or for omitting to do that which the statute re-

quires, or, as is stated in 22 American and English Encyclopedia of Law (2d Ed.), p. 654:

"A penal statute is one which enforces a forfeiture or penalty for transgressing its provisions or doing a thing prohibited."

The term "penal statute" is oftentimes given a broader meaning, and is used in defining a statute which affords a remedy to a private party in the nature of a penalty, but the present statute is within the narrower definition.

This question was before the court in *People* v. *Auditor General*, 38 Mich. 94. The question in that case was whether, under the statute above referred to, the State was liable in a suit brought by a supervisor to recover a penalty for obstructing the highway. It was held that no such liability arose as the action involved local matters, and also because the statute of costs excludes State liability for costs on penal statutes.

In the case of *Courtwright* v. *Attorney General*, 43 Mich. 411, this case was referred to and the exemption of the State from costs was held to apply to an action by the people on a recognizance of bail. It was said:

"The only purpose of such a recognizance is in subservience to the criminal law. It represents no contract or other civil origin, and is not designed to secure rights of property. It in effect compels the sureties to submit to a vicarious money penalty as a consequence of their enabling the party charged with crime to escape the imprisonment he would otherwise be subjected to in order to have him ready to answer on a trial. The amount fixed in the obligation is not a security to be satisfied on a showing and recovery of actual damages but the whole penalty is incurred and collectible upon a forfeiture, without reference to the merits. In our statutes the proceedings are included in a chapter entitled "The Collection of Penalties and Forfeitures;" and the moneys collected are not devoted to the general purposes of the State, but are placed with the proceeds of fines in the county treasury, for the benefit of township libraries. The State reserves no interest in them. The sum recovered is really as well as nominally a penal forfeiture, and subject to remission on the same footing with fines."

It is obvious from this case that the present case is clearly within the exception of section 11277. It is in every proper sense an action upon a penal statute. The recovery is on behalf of the people of the State of a penalty for an infraction of a statute imposing a duty upon the defendant, and within every definition which has been available to us, it is an action on a penal statute.

Defendant's counsel cite the case of *Flint, etc., R. Co.* v. *Board of State Auditors,* 102 Mich. 500, and quote the language used at page 503, as follows:

"These provisions are very broad, and, we think, clearly evidence an intention to subject the State to precisely the same liability for costs, and for the incidents of a judgment, as an individual is subject to, with the single exception relating to the method of collecting the demand."

This language is to be construed as having been used with reference to the question before the court. The action was an action in chancery against the defendant for the recovery of lands. It was in no sense an action for a penalty, and very clearly did not come within the exception so clearly stated in the section above quoted.

Counsel also cite the case of *Fennell* v. *Common Council of Bay City,* 36 Mich. 186. The question presented in that case was whether the fines imposed by courts of a city for the violations of city by-laws and collected by the city authorities, were fines assessed and collected in the several counties and townships for any breach of the penal laws within the meaning of article 13, section 12, of the Constitution, providing that such fines shall be paid into the library fund. It was said in the case:

"We have heretofore on more than one occasion inti-mated that the penal laws referred to in the State Constitution were the laws of the State. The term *law*, as defined by the elementary writers, emanates from the sovereignty and not from its creatures. The legislative power of the State is vested in the State legislature, and their enactments are the only instruments that can in any proper sense be called laws. In the decisions of this court

referring to the class of provisions now before us, the distinction has been very expressly indicated."

This would appear to be the point upon which the case turned. There may be language found in the opinion which would give some support to the contention of defendant's counsel, but it is very clear from the fact that the decisions in 38 Mich. and 43 Mich. were concurred in by Justice CAMPBELL, who wrote the case of *Fennell* v. *Common Council of Bay City*, that the interpretation contended for by the defendant is not open.

The statute clearly exempts the State from liability for costs in a case brought to recover on a penal statute; the statute in question is a penal statute, and it follows that the order for costs should be set aside. No costs will be awarded on this motion.

GRANT, C. J., and BLAIR, OSTRANDER, HOOKER, MOORE, CARPENTER, and MCALVAY, JJ., concurred.