WESTGATE *v.* TOWNSHIP OF ADRIAN.

1. CONSTITUTIONAL LAW—TITLE OF ACT—SUFFICIENCY.
   If the amendment to a statute might have been incorporated in the original act under the original title, it is not in violation of article 4, § 20, Const. of 1850, requiring the object of the enactment to be single and expressed in its title.

2. SAME—STATUTES—WORDS AND PHRASES.
   By the term "regulate" in the title of Act No. 145, Pub. Acts 1887 (§§ 5543–5545, 2 Comp. Laws), both government and restriction are intended.

3. SAME.
   Any provisions germane to the subject expressed in the title may properly be included in the act or added thereto by amendment, and it is sufficient if the title fairly expresses the subject or is sufficiently comprehensive to include the several provisions relating to or connected with that subject.

4. SAME—STATUTES—TITLE—STEAM VEHICLES.
   The purpose of Act No. 71, Pub. Acts 1903, amending Act No. 145, Pub. Acts 1887, regulating the use of highways by steam engines, is sufficiently described in its title.

5. STATUTES—STEAM ENGINES.
   The right to recover damages for injuries received upon the highways of the State, in consequence of the negligence of municipalities, is purely statutory, and the legislature has the undoubted power to modify, abridge, or even abolish it by appropriate action; which was as properly taken by amending the original act as by amending 2 Comp. Laws, § 3442, *et seq.*, so long as the amendment is germane to the subject of the act affected.[1]

Error to Lenawee; O'Mealey, J. Submitted April 8, 1910. (Docket No. 41.) Decided May 7, 1910.

Case by Robert Westgate against the township of Adrian for injuries to a traction engine caused by a de-

[1]As to liability of township for defects in highways, see note to *James* v. *Wellston Township* (Okla.), 13 L. R. A. (N. S.) 1219.

fective bridge. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Smith, Baldwin & Alexander,* for appellant.

*Bird & Sampson,* for appellee.

BROOKE, J. Plaintiff is the owner of a steam traction engine, used by him to provide power to run a threshing machine or grain separator. When moving from farm to farm, plaintiff usually hitched the separator behind the engine, which furnished the power to propel itself and haul the separator. The engine, when supplied with the water necessary for its operation, weighed approximately eight tons. On September 9, 1907, while moving said engine over a bridge located upon one of defendant's highways, the bridge collapsed, permitting the engine to fall through and become damaged. A verdict having been directed for the defendant, plaintiff has removed the case to this court by writ of error.

The title of the original act (Act No. 145, Pub. Acts 1887)[1] is as follows:

"An act to regulate the use of steam engines, steam wagons or other vehicles, which are, in whole or in part, operated by steam, on the public highways of this State, and to prohibit the blowing of steam whistles upon the public highways of this State."

By Act No. 71, Pub. Acts 1903, the original act was amended by providing—

"That no township shall be liable for any damages sustained by the breakage of any bridge or culvert by any steam engine or steam vehicle, weighing more than six tons."

It is the contention of appellant that this amendment is unconstitutional, for the reason that the title to the act is not broad enough to cover the matter embraced in the

[1] 2 Comp. Laws, §§ 5543–5545, including subsequent amendments.

amendment, and is therefore in violation of section 20, art. 4, of the Constitution (1850). This court has frequently held that, if the amendment might have been incorporated in the act under its original title, this section is not violated. *Pratt Food Co.* v. *Bird,* 148 Mich. 631 (112 N. W. 701, 118 Am. St. Rep. 601); *People* v. *Gadway*, 61 Mich. 285 (28 N. W. 101, 1 Am. St. Rep. 578); *Attorney General, ex rel. Maybury,* v. *Bolger,* 128 Mich. 355 (87 N. W. 366). It will be noted that the original title contains the word "regulate." Under that term, very broad powers may be exercised. It means both government and restriction. *Dillon* v. *Railroad Co.*, 43 N. Y. Supp. 320; *City of Rochester* v. *West,* 164 N. Y. 510 (58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659); *McWethy* v. *Power Co.*, 202 Ill. 218 (67 N. E. 9).

Any provisions germane to the subject expressed in the title may properly be included in the act, or added thereto by amendment. It is sufficient if the title fairly expresses the subject, or is sufficiently comprehensive to include the several provisions relating to or connected with that subject. Cooley on Constitutional Limitations (6th Ed.), p. 172; *People* v. *Mahaney*, 13 Mich. 481; *People* v. *Kelly*, 99 Mich. 82 (57 N. W. 1090); *Soukup* v. *Van Dyke*, 109 Mich. 679 (67 N. W. 911); *Fortin* v. *Electric Co.*, 154 Mich. 316 (117 N. W. 741). We think the title in question is clearly broad enough to comprehend the subject-matter of the amendment.

It is urged that by the amendment the right of action conferred by section 3442, 1 Comp. Laws, is destroyed or abridged; that the amendment itself is repugnant to section 3442 and therefore void. The claim is made that section 3442 might properly have received such an amendment, but that the act under consideration could not. The right to recover damages for injuries received upon the highways, etc., of the State, in consequence of the negligence of the municipality, is purely statutory, and the legislature has undoubted power to modify, abridge, or even abolish, that right by appropriate action. That

it chose to abridge that right by an amendment to one act rather than another is of no consequence, so long as such amendment is germane to the subject of the act amended.

The judgment is affirmed.

MOORE, MCALVAY BLAIR, and STONE, JJ., concurred.