JOHNSON v. SERGEANT.

1. AUTOMOBILES—HIGHWAYS AND STREETS—POLICE POWER—NEG-
LIGENCE—MOTOR-VEHICLE LAW.
    In the exercise of the police power the legislature is authorized
    to regulate the operation of automobiles on the public high-
    ways.

2. CONSTITUTIONAL LAW—MOTOR-VEHICLE LAW.
    The title of Act No. 318, Pub. Acts 1909, being "an act provid-
    ing for the registration, identification and regulation of
    motor vehicles operated upon the public highways of this
    State," is sufficiently broad to warrant the provision con-
    tained in the law rendering an owner liable for the negligent
    acts of the operator of his car.[1]

3. SAME.
    And it was not beyond the power of the State to make the
    owner absolutely liable.

4. SAME—ACTIONS—CONDITIONS PRECEDENT.
    The statute does not contemplate that an action should be
    brought and judgment obtained against the driver of the
    automobile before the commencement of proceedings against
    the owner.

Certiorari to Kalamazoo; Knappen, J. Submitted
December 8, 1911. (Docket No. 200.) Decided Febru-
ary 10, 1912.

Case by Delos Johnson against George Sergeant and
Lewis Sergeant for personal injuries. An order overrul-
ing a demurrer to plaintiff's declaration is reviewed by de-
fendant Lewis Sergeant on writ of certiorari. Affirmed.

*Cole & Goembel,* for plaintiff.

*Osborn & Mills,* for defendant.

[1]Liability of owner for negligence of borrower or hirer of auto-
mobile, see note in 33 L. R. A. (N. S.) 81.
    Responsibility of owner when automobile in charge of another, or
when put in operation by another, see note in 1 L. R. A. (N. S.) 235.
    Duty and liability of person operating automobile on public street
or highway, see note in 4 L. R. A. (N. S.) 1130.

MOORE, C. J.   In 1909 the legislature passed an act entitled "An act providing for the registration, identification and regulation of motor vehicles operated upon the public highways of this State, and of the operators of such vehicles." Act No. 318, Pub. Acts 1909.

Subdivision 3 of section 10 thereof is as follows:

"Subd. 3.   Liability of owners. — The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation by any person of such motor vehicle, whether such negligence consists in violations of the provision of a statute of this State or in the failure to observe such ordinary care in such operation as the rules of the common law require; but such owner shall not be so liable in case such motor vehicle shall have been stolen." Act No. 318, Pub. Acts 1909.

In section 1 of the act the word "owner" is defined as follows.

"The term 'owner' shall also include any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days."   Act No. 318, Pub. Acts 1909.

The plaintiff bases his cause of action on the provisions of said act.   The defendant interposed a demurrer to plaintiff's declaration.   This demurrer was overruled.

The claim of the defendant is:

"(*a*) That subdivision 3 of section 10 of the act is unconstitutional.

"(*b*) That the title of the act is insufficient to sustain the constitutionality of subdivision 3 of section 10 of the same.

"(*c*) That the liability attempted to be created by subdivision 3 of section 10 is beyond the authority of the legislature.

"(*d*) That if the act is valid and constitutional, no action or liability arises thereunder, as against the owner of a motor vehicle, until liability for negligence has been established as against the operator of the vehicle."

The diligence of counsel has failed to call our attention to another similar statute.   We also have consulted such

text-books upon the automobile as are in the State law library, and do not find a similar statute.

It is well recognized that the automobile upon the highway in the hands of an incompetent or a reckless driver may result in great injury to persons and property. Because of this fact, the State, in the exercise of its police power, may pass statutes in relation to the ownership of automobiles and the running thereof. Section 32, Berry's Law of Automobiles; section 29, Davids' Law of Motor Vehicles; Huddy on Automobiles (2d Ed.), p. 9; section 26, Babbitt on Law applied to Motor Vehicles; *Commonwealth* v. *Kingsbury*, 199 Mass. 542 (85 N. E. 848, 127 Am. St. Rep. 513); *People* v. *Schneider*, 139 Mich. 673 (103 N. W. 172, 69 L. R. A. 345).

It is said the statute is penal. We again quote from the brief:

"The act is a penal enactment. Public Acts of 1909, 780–782. *People* v. *Steel Co.*, 151 Mich. 619, 620 [115 N. W. 705]. The creation of the civil liability attempted by it is not a mere regulation of the use of motor vehicles or of the operators of such vehicles upon the public highways of this State, and the title is, under familiar decisions and considerations, so defective as to render subdivision 3 unconstitutional. It is sometimes true, of course, that the imposition of the civil liability is in the nature of a regulation. This is not true where the statute is penal in its character. The absolute liability of owners of motor vehicles for the negligence of others is not germane to the subject expressed in the title of the act, and, of course, if this is correct, the enactment, so far as it affects that subject, is unconstitutional."

We think this contention is not well taken. It has been held that the omission from the title of an act, which is passed for the purpose of prohibiting or regulating a business, of a statement that a penalty will follow a violation of the act does not render the act invalid. *Hartford Fire Ins. Co.* v. *Raymond*, 70 Mich. 485 (38 N. W. 474); *People* v. *Miller*, 88 Mich. 383 (50 N. W. 296). See *People* v. *Snowberger*, 113 Mich. 86 (71 N. W. 497, 67 Am.

St. Rep. 449). In *Westgate* v. *Township of Adrian*, 161 Mich. 333 (126 N. W. 422), many authorities are gathered bearing upon the subject of titles to acts. In that case it was said:

" It will be noted that the original title contains the word ' regulate.' Under that term, very broad powers may be exercised. ⸳ It means both government and restriction "—citing several authorities.

The title to the act before us has the words " regulation of motor vehicles operated upon the public highways of this State and of the operators of such vehicles." This language certainly suggests to an automobile owner that the provisions of the act were likely to interest him.

The legislature has gone a long way in this statute in fixing the liability of the owner, even though he may not be in fault. We do not think, however, it can be said to have exceeded its authority under the police power. See *People* v. *Snowberger, supra; People* v. *Grocer Co.*, 118 Mich. 604 (77 N. W. 315); *People* v. *Curtis*, 129 Mich. 1 (87 N. W. 1040, 95 Am. St. Rep. 404); *Burrows* v. *Transportation Co.*, 106 Mich. 582 (64 N. W. 501, 29 L. R. A. 468).

It is said judgment ought to be obtained against the driver of the automobile before bringing action against the owner of the vehicle. No authority is cited upon this proposition. There is no suggestion of that kind in the statute itself, and no good reason has been suggested to us why it should have such a construction.

The judgment of the court below is affirmed, with costs, and defendant is given 15 days after service of notice of this judgment to plead to plaintiff's declaration, if he so desires.

STEERE, MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred. OSTRANDER and BIRD, JJ., did not sit.