REUTER HUB & SPOKE CO. *v.* HICKS.

1. CONSTITUTIONAL LAW — CORPORATIONS—ANNUAL REPORTS—DE-
   FAULT IN FILING—DIRECTORS AND OFFICERS—LIABILITY.
   Act No. 232, Pub. Acts 1903, as amended (4 How. Stat.
   [2d Ed.] §§ 9532, 9543), charging the directors of a cor-
   poration with liability for the debts thereof in case of
   failure to file its annual report in the office of the sec-
   retary of State, is sufficiently entitled as "an act to revise
   and consolidate the laws providing for the incorporation
   of manufacturing and mercantile companies or any union
   of the two, and for the incorporation of companies for
   carrying on any other lawful business, except such as are
   precluded from organization under this act by its express
   provisions, and to prescribe the powers and fix the duties
   and liabilitiés of such corporations."

2. SAME.
   The title is sufficient, although it does not indicate that a
   penalty is prescribed as to the individual directors.

3. SAME—DUE PROCESS OF LAW.
   No penalty being exacted until the parties have had their
   day in court, the statute does not violate the constitutional
   requirement of due process of law.

4. CORPORATIONS—LIABILITY OF DIRECTORS—ANNUAL REPORTS.
   Where a corporation was in default for filing its annual
   report as required by Act No. 137, Pub. Acts 1907, as
   amended (4 How. Stat. [2d Ed.] § 9543), the directors
   were not relieved of liability for an indebtedness incurred
   after the filing of the last report, because the annual re-
   port was, in fact, filed two days after the 11th of March;
   as soon as the liability became fixed, it remained en-
   forceable against the directors, though the action was not
   instituted during the period of default.

Certiorari to Clinton; Searl, J. Submitted April
29, 1913. (Docket No. 41.) Decided July 24, 1914.

Assumpsit by Reuter Hub & Spoke Company
against John C. Hicks and another to enforce the

statutory liability of defendants as directors of a corporation which made default in filing its annual report.   Judgment for plaintiff.   Defendants bring error.   Affirmed.

*Claude R. Buchanan* and *F. A. Stace,* for plaintiff.

*William M. Smith* and *Wilson & Cobb,* for defendants.

BIRD, J.   On the 7th day of September, 1908, the Michigan Wagon & Manufacturing Company became indebted to plaintiff for a car load of spokes in the sum of $1,842.25.   Failing to make payment as agreed, the plaintiff began this suit to recover for the same against the defendants, who were directors of the Michigan Wagon & Manufacturing Company, because of the failure of the company to file its annual report with the secretary of State for the year ending on the last day of February, 1909.   Defendants demurred to the declaration, and have thereby raised three questions which demand a solution:

(1) For the reason that section 12 of Act No. 232 of the Public Acts of 1903 as amended is unconstitutional and void, in that the law containing said section embraces more than one object, and, further, that the object is not embraced within its title in violation of section 21 of article 5 of the Michigan Constitution.

(2) For the reason that said section is in violation of the "due process" clause of the fourteenth amendment to the Federal Constitution.

(3) It not appearing in the declaration that the corporation was in default when the suit was commenced, it cannot be maintained.

1. The title of Act No. 232 reads:

"An act to revise and consolidate the laws providing for the incorporation of manufacturing and mercantile companies or any union of the two, and for the incorporation of companies for carrying on any

other lawful business, except such as are precluded from organization under this act by its express provisions, and to prescribe the powers and fix the duties and liabilities of such corporations."

The gist of appellant's contention is that Act No. 232 of the Public Acts of 1903 (4 How. Stat. [2d Ed.] § 9532 *et seq.*), is unconstitutional, because of the fact that its title gives no hint that the act included a fine upon the directors or a confiscation of their property for a default of the corporation. This objection raises the question as to whether it is necessary for the title of an act regulating or prohibiting a business to recite that a penalty is prescribed for a violation of certain of its provisions. This question was directly decided in *Hartford Fire Ins. Co.* v. *Raymond,* 70 Mich. 485 (38 N. W. 474), and it was there held that such an omission would not render the act unconstitutional. To the same effect are the cases of *Robison* v. *Miner,* 68 Mich. 549 (37 N. W. 21); *People* v. *Miller,* 88 Mich. 383 (50 N. W. 296); *People* v. *Huntley,* 112 Mich. 569 (71 N. W. 178); *Westgate* v. *Township of Adrian,* 161 Mich. 333 (126 N. W. 422); *Johnson* v. *Sergeant,* 168 Mich. 444 (134 N. W. 468).

Perhaps the argument of counsel goes somewhat further than this question when it is stated by him that, if the title indicates that a penalty may be prescribed for the corporation, no words are used to indicate that the directors are involved therein. It is common knowledge that the affairs of a corporation are generally directed and controlled by a board of directors. The board of directors is an essential element of the corporation, and it is through such board that a corporation usually acts, and therefore we think it would follow that a title which prescribed certain duties and powers of a corporation would carry with it notice to the legislator and layman that new duties might be imposed upon the directors of such corporations.

2. The State, by reason of its repeated and unsuccessful efforts to enforce obedience to certain provisions of its incorporation laws, respecting the making and filing of annual reports, has placed certain duties upon the corporation and directors with reference to the making and filing of such annual reports and provided penalties for a failure to observe them. These duties and penalties apply alike to all corporations and directors of a class. None of the prescribed class is exempt. And no penalty is exacted from any director until he has had his day in court. We fail to see anything in this legislation which violates the "due process clause" of the fourteenth amendment of the Federal Constitution.

3. The third point raised is that, inasmuch as the corporation filed its report on the 13th day of March, and was thereby in default only two days, and this suit was not begun till the 31st of March, the default was thereby cured, and that no suit could be thereafter maintained against the directors. The contention, in short, amounts to this: That no suit can be maintained against a director unless it is commenced during the period of default. That portion of Act No. 137, Pub. Acts 1907 (4 How. Stat. [2d Ed.] § 9543), which is material to this question, reads:

"If any corporation neglect or refuse to make and file the reports required by this section within the time herein specified, and shall continue in default for ten days thereafter, its corporate powers shall be suspended thereafter until it shall file such reports, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default; and any director of such corporation so in default, who has neglected or refused to join in the making of such report, shall be liable for all the debts of such corporation contracted since the filing of the last report of such corporation," etc.

It was obviously the intention of the legislature to penalize both corporation and directors for a failure

to file the annual reports. It appears to be just as clear that the legislature intended to relieve the corporation of its default as soon as it complied with the law. There is nothing, however, in the statute which indicates that the legislature intended to relieve the directors from liability after it became fixed by filing the report. The directors on the 11th day of March became liable for all the debts of the corporation contracted since the filing of the last report. After this liability once became fixed, we must presume that it continues, unless there is something in the statute which relieves them. If the legislature intended that directors should be relieved of the liability when the report was filed it is very singular that it did not make use of some language which would evidence that intent, inasmuch as it did that precise thing with reference to the corporation. We think the intention of the legislature was to make the debts contracted since the filing of the last report a fixed liability against the directors on March 11th, and that they are not relieved therefrom by the subsequent filing of the report.

The judgment of the trial court is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, MOORE, and STEERE, JJ., concurred.