# Order

Michigan Supreme Court
Lansing, Michigan

December 8, 2005

128610 & (60)

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee/
        Cross-Appellant,

v

DONALD JAMES WYRICK,
        Defendant-Appellant/
        Cross-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128610
COA: 250776
Muskegon CC: 02-048013-FH

_____/

        On order of the Court, the application for leave to appeal the March 22, 2005 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the Court of Appeals decision with respect to correcting the judgment of sentence and REMAND this case to the Muskegon Circuit Court for correction of the judgment.

        The Court of Appeals misconstrued the Public Health Code in defining the term "felony" for purposes of MCL 333.7401(3). MCL 333.7401(3) authorizes sentencing courts to impose consecutive, rather than concurrent, sentences when a defendant is convicted of "another felony." Defendant was convicted of marijuana possession, second offense. The Public Health Code expressly designates marijuana possession as a misdemeanor. MCL 333.7403(2)(d).

        The trial court used the provisions of the Habitual Offender Statute, MCL 769.12, to convert the misdemeanor into a felony. The sentence enhancement statutes do not create new offenses; they merely authorize trial courts to increase the length of time that a defendant must serve. *People v Eason*, 435 Mich 228, 246-247 (1990). The statute that authorizes trial courts to impose consecutive sentences for "another felony," MCL 333.7401(3), does not govern this case.

Accordingly, we DIRECT the court to amend defendant's judgment of conviction to reflect the imposition of concurrent rather than consecutive sentences for possession of cocaine and possession of marijuana, second offense.

We also VACATE the Court of Appeals decision to remand the case to the trial court to alter the reference in the judgment of conviction from enhancement under the Habitual Offender Statute, MCL 769.12, to enhancement under the Public Health Code, MCL 333.7413(2). This change is unnecessary because the prosecutor may seek a greater sentence under the Habitual Offender Statute even when a defendant is sentenced under the Public Health Code. *People v Primer*, 444 Mich 269, 271-272 (1993). Because defendant had three prior felony convictions when he was sentenced for cocaine possession, MCL 333.7403(2)(a)(iv), the trial court did not err when it sentenced defendant under the Habitual Offender Statute.

In all other respects, the application for leave to appeal and the application for leave to appeal as cross-appellant are DENIED.

We do not retain jurisdiction.

CAVANAGH, J., states as follows:

I concur with the amendment of the judgment of conviction to reflect the imposition of concurrent, rather than consecutive, sentences. I dissent from the remainder of the order for the reasons stated in my dissent in *People v Primer,* 444 Mich 269, 276 (1993).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2005

_Corbin R. Davis_
Clerk

p1201