# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONVELLE TYRONE NICHOLS,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2016

No. 329240
Oakland Circuit Court
LC No. 2014-250463-FH

Before: GADOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by leave granted his guilty plea conviction of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to a term of 2 to 20 years' imprisonment. His appeal challenges only his sentence. We affirm.

The trial court sentenced defendant for his current controlled substances conviction as a fourth habitual felony offender, MCL 769.12, which provides for enhanced sentencing for a recidivist offender "[i]f a person has been convicted of any combination of 3 or more felonies[.]" MCL 769.12(1); *People v Allen*, 499 Mich 307, 315-316; 884 NW2d 548 (2016). To support the habitual offender charge, the trial court relied on defendant's prior conviction of carrying a concealed weapon, MCL 750.227(3), and his two prior convictions of his second or subsequent offenses of possession of marijuana, MCL 333.7403(2)(d); MCL 333.7413(2). Defendant claims that his prior marijuana possession convictions, which are statutorily designated as misdemeanor offenses, do not constitute felony convictions to support the habitual offender charge. We disagree.

We review the imposition of a sentence for an abuse of discretion. *People v Underwood*, 278 Mich App 334, 337; 750 NW2d 612 (2008). This issue also involves questions of statutory interpretation, which we review de novo. *People v Watkins*, 491 Mich 450, 466-467; 818 NW2d 296 (2012). Defendant also raises ineffective assistance of counsel, which presents a mixed question of law and fact. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). With respect to ineffective assistance of counsel, we review the court's factual findings for clear error and questions of constitutional law de novo. *Id.* Because defendant did not move for an evidentiary hearing on his claim of ineffective assistance, our review of that issue is limited to mistakes apparent on the record. *People v Cox*, 268 Mich App 440, 453; 709 NW2d 152 (2005).

-1-

Defendant's prior convictions of his second or subsequent offenses of marijuana possession fall under the Public Health Code, MCL 333.7403(2)(d); MCL 333.7413(2). The Public Health Code expressly designates the offense of possession of marijuana as a misdemeanor punishable by not more than one year imprisonment. MCL 333.7403(2)(d); *People v Wyrick*, 474 Mich 947; 707 NW2d 188 (2005). Section 7413 of the Public Health Code, however, "articulates particular enhanced punishments for the second or subsequent commission of certain controlled substance offenses." *People v Morris*, 450 Mich 316, 332; 537 NW2d 842 (1995). Pertinently, MCL 333.7413(2) "allows sentencing courts to punish repeat drug offenders by doubling the . . . sentence otherwise authorized."[1] *People v Davenport*, 205 Mich App 399, 401; 522 NW2d 339 (1994). Thus, an offender's second or subsequent offense of possession of marijuana is punishable by up to two years' imprisonment. MCL 333.7403(2)(d); MCL 333.7413(2).

The habitual offender statutes, MCL 769.10 to 769.13, are part of the Code of Criminal Procedure, MCL 760.1 *et seq*. The definitions contained in the Code of Criminal Procedure apply only to that Code. *People v Smith*, 423 Mich 427, 444; 378 NW2d 384 (1985) (opinion by Williams, C.J.). Accordingly, we must look to the definition of "felony" in the Code of Criminal Procedure to determine whether defendant's prior convictions of his second or subsequent offenses of marijuana possession, punishable for up to two years' imprisonment under the double penalty provision of MCL 333.7413(2), constitute felony convictions under that Code for purposes of applying the habitual offender statutes. See *Smith*, 423 Mich at 445.

Under MCL 761.1(g), the Code of Criminal Procedure expressly defines "felony" as "a violation of a penal law of this state for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year or an offense expressly designated by law to be a felony." In *Smith,* our Court construed the definition of felony in MCL 761.1(g) as a clear expression of the Legislature's intent that "offenses punishable by more than one year of imprisonment be treated as 'felonies' throughout the Code of Criminal Procedure," including for purposes of the habitual offender statutes. *Smith*, 423 Mich at 445. As such, *Smith* held that statutorily designated misdemeanors under the Penal Code, punishable by two years'

---

[1] MCL 333.7413 provides, in pertinent part:

> (2) Except as otherwise provided in subsections (1) and (3), an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both.

> * * *

> (5) For purposes of subsection (2), an offense is considered a second or subsequent offense, if, before conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to a narcotic drug, marihuana, depressant, stimulant, or hallucinogenic drug.

imprisonment, fall under the Code of Criminal Procedure's definition of felony and qualify as felonies for purposes of the habitual offender statutes. *Id.*

We therefore conclude that defendant's second or subsequent offenses of possession of marijuana qualify as felonies within the meaning of MCL 761.1(g). That is, defendant's second or subsequent offenses of possession of marijuana violated MCL 333.7403(2)(d), a penal law,[2] for which defendant, "the offender," upon conviction, could be punished by imprisonment for up to two years because of his status as a repeat drug offender, MCL 333.7413(2). Thus, his second or subsequent offenses of marijuana possession constitute felonies within the meaning of the Code of Criminal Procedure, MCL 761.1(g), including the habitual offender statutes, *Smith*, 423 Mich at 445, and the trial court did not err in relying on those prior convictions to enhance defendant's sentence as a fourth habitual offender under MCL 769.12. The clear definition of "felony" under the Code of Criminal Procedure, MCL 761.1(g), rather than the statutory designation of the offense as a misdemeanor in the Public Health Code, is controlling for purposes of applying the habitual offender statutes.

We disagree with defendant's attempt to distinguish *Smith* from the instant case. Defendant correctly asserts that MCL 333.7413(2) does not create a separate substantive offense under the Public Health Code and merely authorizes the trial court to increase the punishment of a repeat drug offender. *Wyrick*, 474 Mich at 947. But this has no bearing on the classification of a conviction as a "felony" for purposes of the habitual offender statutes at issue here. As *Smith* makes clear, the statutory designation of an offense as a "misdemeanor" for purposes of the Public Health Code is irrelevant in determining whether the offense is considered a "felony" for purposes of the habitual offender statutes. *Smith*, 423 Mich at 445. Instead, we look to the Code of Criminal Procedure's clear definition of "felony," MCL 761.1(g), to determine whether an offender's prior conviction constitutes a felony for purposes of the habitual offender statutes that fall under that Code. *Id.* at 445. That definition clearly evidences a legislative intent to include as felonies, for purposes of the Code, those "violations of penal law" for which the "offender," upon conviction, may be punished by imprisonment for more than one year. *Id.* at 443-445. Thus, for purposes of the habitual offender statutes, the characterization of an offense that is not expressly designated by law to be a felony is dependent on the punishment the offender may receive for the penal violation, and not on the designation of the substantive offense.[3] MCL 761.1(g). Defendant's reliance on *Wyrick*, 474 Mich at 947, which concerned the definition of "felony" for purposes of the Public Health Code, is misplaced.[4]

---

[2] A "penal law" is "a statute imposing a penalty for doing that which the statute prohibits or for omitting to do that which the statute requires." *People v Crucible Steel Co*, 151 Mich 618, 619-620; 115 NW 705 (1908).

[3] We further note that under MCL 777.18 of the sentencing guidelines in the Code of Criminal Procedure, a violation of MCL 333.7413(2) (described as "[s]ubsequent controlled substance violations") is specifically listed as a "felony" to which the sentencing guidelines apply.

[4] At issue in *Wyrick* was the definition of "felony" for purposes of MCL 333.7401(3), the consecutive sentencing provision of the Public Health Code, authorizing the court to impose

We also disagree with defendant's argument that, "if sentence enhancement under MCL 333.7413(2) changed the nature of the underlying crime, there would be a right to jury trial and notice as to the additional element of the crime." Our courts have held that sentence enhancement under the repeat drug offender provision of the Public Health Code, MCL 333.7413, which merely authorizes an increased penalty, does not create a new offense, and thus, does not entitle a defendant to a trial by jury. Nor is the prosecutor required to charge the prior drug conviction in the information because the prior offense is not an element of a new charge, separate from the offense for which the defendant is charged. *People v Eason*, 435 Mich 228, 233-234; 458 NW2d 17 (1990).

We further disagree with defendant's argument that his sentence was impermissibly doubly enhanced. While double enhancement of a defendant's current sentence under both statutes is not permissible, *People v Fetterley*, 229 Mich App 511, 540; 583 NW2d 199 (1998), the prosecutor in this case did not proceed, nor did the trial court sentence defendant, under both the Public Health Code, as a repeat drug offender, and again under the general habitual offender statutes. Ultimately, the court sentenced defendant only as a fourth habitual offender and his sentenced was enhanced accordingly. Thus, defendant's reliance on *Fetterley* is misplaced.

Finally, because we find that the trial court properly relied on defendant's prior convictions of his second or subsequent offenses of marijuana possession to enhance his sentence as a fourth habitual offender, MCL 769.12, defense counsel was not ineffective in advising defendant that those convictions are considered felonies under the habitual offender statutes and in failing to object to defendant's sentence.[5] Because counsel was not required to make a meritless objection or advocate a meritless position, *People v Wilson*, 252 Mich App 390, 393-394; 652 NW2d 488 (2002), counsel did not render ineffective assistance in this regard.

Affirmed.


/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

---

consecutive, rather than concurrent, sentences when a defendant is convicted of "another felony." *Wyrick* did not involve the definition of "felony" under the Code of Criminal Procedure at issue here.

[5] Defendant has a right to the effective assistance of counsel at a plea hearing and sentencing. *People v Pubrat*, 451 Mich 589, 594; 548 NW2d 595 (1996). "Generally to establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness under professional norms and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different and the result that did occur was fundamentally unfair or unreliable." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009).