## Joseph Kurtz v. The People.

*Sunday liquor law: Statute construed:* "*Closed.*" The term "closed" in the statute of 1875, providing that all saloons, etc., and all places of public resort where intoxicating liquors are sold, shall be *closed* on Sundays, and between eleven and six in the night time, means at least that the sales shall be entirely stopped and the traffic shut off effectually, so that drinking, and the conveniences for drinking, shall be no longer accessible, and that those who frequent the places for that purpose shall be dispersed.

*Constitutional law: Titles to acts: Sunday liquor law: Sales to minors, etc.* Provisions for the punishment of Sunday and night sales of liquors to persons not minors, drunken persons or habitual drunkards, in an act entitled one to prevent the sale or delivery of intoxicating liquors, etc., to minors, drunken persons and habitual drunkards, etc., do not come within the constitutional inhibition (*Art. IV., § 20*) that "no law shall embrace more than one object, which shall be expressed in its title."

*Constitutional law: Titles of acts: Means adapted to the object named.* This provision of the constitution was intended to prevent legislators from being entrapped into the careless passage of bills on matters foreign to the ostensible purpose of the statute as entitled; but it is not designed to require the body of the act to be a mere repetition of the title, nor to preclude the introduction of such means as are reasonably adapted to secure the object indicated by the title.

KURTZ *v.* PEOPLE.

*Legislation: Title of acts: Cognate subjects.* The closing of saloons on Sundays and in the night is not so far foreign to the subject of preventing the sale of liquors to minors, drunken persons and habitual drunkards, as to authorize the courts to hold that the legislature are going beyond their province in acting upon the common sense assumption, that permitting drinking places to be kept open on Sundays and late at night is likely to induce or favor the tempting of youths and drunkards into drinking and intoxication.

*Heard January 11. Decided January 18.*

Error to Recorder's Court of Detroit.

*Otto Kirchner*, for plaintiff in error, cited : *Ryerson v. Utley, 16 Mich., 269; Mewherter v. Price, 11 Ind., 199 ; State v. Powers, 14 Ind., 195.*

*Andrew J. Smith, Attorney General*, for the People, cited : *Sears v. Cottrell, 5 Mich., 251; Tabor v. Cook, 15 Mich., 322 ; Tyler v. People, 8 Mich., 321; People v. Gallagher, 4 Mich., 244; Newland v. Marsh, 19 Ill., 384; People v. Supervisors, 17 Mich., 241; County v. Mayor, 1 Seld., 285; Guilford v. Cornell, 18 Barb., 640; 4 Seld., 241; Murphy v. Menard, 11 Texas, 673 ; Walker v. Caldwell, 4 Am. R., 298; Dans v. State, 7 Md., 151; Washington v. Murry, 4 Cal.; People v. Mahoney, 13 Mich., 481 ; Inkster v. Carver, 16 Mich., 484; People v. Ins. Co., 19 Mich., 392; Cooley Const. Lim., 146.*

CAMPBELL, J :

Plaintiff in error was convicted of keeping open on Sunday his saloon for the sale of intoxicating liquors at retail, and of selling such liquors at retail on that day. The conviction was under *section 1* of "an act to prevent the sale or delivery of intoxicating liquors, wine and beer, to minors, and to drunken persons, and to habitual drunkards; to provide a remedy against persons selling liquor to husbands or children in certain cases," approved May 3, 1875.

The clause under which he was convicted is as follows :

"All saloons, restaurants, bars, bar-rooms, in taverns or otherwise, and all places of public resort where intoxicating liquors are sold, either at wholesale or retail, shall (unless otherwise determined and directed by the board of trustees or common council of the village or city where such saloons, restaurants, bars or bar-rooms are kept) be closed on the first day · of the week, commonly called Sunday, and on each week-day night, from and after the hour of eleven o'clock until six o'clock of the morning of the succeeding day. But this provision shall not be construed to prohibit druggists from selling such liquors at such times, upon the written request or order of some practicing physician of the town, village or city. Any person who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon a conviction thereof shall be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, and costs of prosecution, and on failure to pay such fine and costs shall be imprisoned in the county jail not less than ten nor more than ninety days, or both such fine and imprisonment, in the discretion . of the court."

The first part of the section prohibits sales to minors and drunkards, and sales made by persons who have not filed a bond under the act.

It is claimed by the plaintiff in error that the provision under which he was convicted is invalid, because that provision is not within the title of the act, if applied to such cases as his, where the sale is not made to minors or drunkards; and that if meant so to apply, the act is void, under that clause of the constitution which requires that "no law shall embrace more than one object, which shall be expressed in its title."

It is claimed that the statute so construed is a law to enforce the proper observance of Sunday, and that no such purpose is disclosed in the title.

There is no question now presented concerning the somewhat extraordinary proviso, which seems to be based on the

33 MICH.—36.

idea that a municipality can be allowed to suspend the penal laws of the state; as the complaint negatives any such attempt on the part of the city of Detroit, where this conviction was obtained. The case stands before us on the statute alone.

There is no ambiguity in the statute. It very clearly intends to close up the places named against liquor selling, on Sundays, or after eleven at night. It is not important on this record to examine critically into the meaning of the term "closed," as applicable to houses, rooms, or parts of rooms. It is clearly meant that the sales at least shall be entirely stopped, and the traffic shut off effectually, so that drinking, and the conveniences for drinking, shall be no longer accessible, and those who frequent them for that purpose shall be dispersed. Common sense will dispose of such cases readily enough. Every body knows practically what closing a saloon or drinking place means, and there is no occasion for seeking or solving imaginary difficulties.

We are brought, then, to the question whether under such a title as that of the act in question, the legislature can punish Sunday or night sales to persons not minors, drunken persons or habitual drunkards.

Nothing but our respect for what we understand to be the doubts of some judicial officers in regard to this statute, has induced us to deem it proper to do more than refer to the numerous cases heretofore decided on the meaning of the constitutional provision. It is a very wise and wholesome provision, intended to prevent legislators from being entrapped into the careless passage of bills on matters foreign to the ostensible purpose of the statute as entitled. But it is not designed to require the body of the bill to be a mere repetition of the title. Neither is it intended to prevent including in the bill such means as are reasonably adapted to secure the object indicated by the title. It would not be profitable to discuss those extreme cases where the adaptation of means to ends is so far-fetched and unnatural as to be directly and palpably misleading. This case presents, in our view, no such difficulties.

The legislature assume that the opening of drinking places on Sundays and late at night is likely to induce or favor the tempting of youths and drunkards into drinking and intoxication.    If there is any possible ground for holding that belief, it certainly is no function of a court to determine that the legislature were mistaken.    It is their view, and not ours, which must determine the value of such an opinion.    But if we were to be called on to express the views which belong to the other department of the government, we think it is not only possible, but obvious from all human experience, that they have judged reasonably.  ` Dissipation is very closely connected with idleness, and brought on by its temptations.    It is the use of leisure which determines character more than any thing else.    The daily experience of mankind is open to courts and legislatures as it is to others.    The time when persons are unemployed, and perhaps weary, is the time when they are most easily led astray.    The records of police courts indicate beyond doubt that when places of resort for drinking are open on Sundays or other days of leisure they are sure to be liberally patronized by the classes who have least control of their appetite.    The tendency of those who have begun to drink, to go on with drinking when opportunities are before them, is known to all.    The pressure of business, and the performance of such duties as keep the mind occupied, may and will control those who cannot so easily control themselves when those checks are removed.    The continuance of lounging and drinking into the late hours of the night is equally known as peculiarly dangerous.    Men or boys can escape observation more readily by night than by day.    When they have once become engaged in the pleasures and temptations of such resorts, it is but too sadly manifest to all who do not shut their eyes to what is going on around them, that after drinking has once begun by those who are in danger of excess (if there are any that are not), it is apt to be kept up much longer than may have been thought of or intended.    "Midnight revels" would never have become

.a popular phrase unless they had been a well known reality. Unless the annals of crime are strangely distorted, the amount of mischief due to the indulgence of late drinking is much beyond its proportion in any other part of the day.    There is certainly a decided impression that such is the fact; and if the legislature, like other persons, have been impressed with its truth, we are not prepared to say that it is such a palpable error as to show they cannot be regarded as acting within their province in accepting it.    We think the objection to the law without foundation.

The judgment must be affirmed.

The other Justices concurred.