## THE PEOPLE v. CHARLES BEADLE.

*Intoxicated person—Section 7, Act 259, Laws of 1881, punishing same, repugnant to section 20, Art. 4, Const., and void.*

Section 7, of Act 259, of the Session Laws of 1881 (How. Stat. § 2276), punishing any person who shall be "drunk or intoxicated in any hotel, tavern, inn or place of public business, or in any assemblage of people, etc.," is repugnant to section 20, Art. 4, of the Constitution, and therefore void.

Exceptions before judgment from Clinton. (Smith, J.) Argued January 28, 1886. Decided February 10, 1886.

Respondent was convicted of "having been intoxicated in an assemblage of people, etc." Conviction reversed. The facts are stated in the opinion.

*Spaulding & Barker*, for respondent:

"No law shall embrace more than one object, which shall be expressed in its title," Const. Art. 4, § 20, and this provision is mandatory: Cooley's Const. Lim. §§ 82, 150. The Legislature, in the title to act 259, Laws of 1881, had regard to the *sale* of intoxicating liquors—to the seller—not the buyer or the drinker: *Ryerson v. Utley*, 16 Mich. 277; *Stewart v. Father Mathew Society*, 41 Mich. 67; *Anderson v. Hill*, 54 Mich. 477; *People v. O'Brien*, 38 N. Y. 193. The title excludes everything from effect and operation as law, incorporated in the body of the act, but not within the purpose indicated by the title: Cooley's Const. Lim. §§ 141–3, and the courts cannot enlarge the scope of the title: Id. § 149. It is the title of the *original* act, and not as it appears in How. Stat. chap. 71, that is to be considered: *Stewart v.*

*Riopelle*, 48 Mich. 177, and this title clearly has regard to the sale of liquors and its regulation.

*Moses Taggart*, Attorney General, for the people:

The constitutional provision is complied with when a law has but one general object, fairly indicated by its title, and the general tendency has been to construe this provision liberally: *Harrington v. Wands*, 23 Mich. 385; *Kurtz v. People*, 33 Mich. 280; *Mayor of Annapolis v. State of Md.*, 30 Md. 112; *Co. Com. Washington v. Franklin R. R. Co.*, 34 Md. 163; *Supervisors v. People*, 25 Ill. 181; *Binz v. Weber*, 81 Ill. 288; *Johnson v. People*, 83 Ill. 431; *Fuller v. People*, 92 Ill. 182; *People v. Briggs*, 50 N. Y. 553; *Blood v. Mercelliott*, 53 Penn. St. 391; *Tuttle v. Strout*, 7 Minn. 465; *State v. Ransom*, 73 Mo. 78; *Humboldt Co. v. Co. Com's. Churchill Co.*, 6 Nev. 30; *State v. Silver*, 9 Nev. 227; *Gunter v. Gale Co.*, 44 Ala. 639; *Ex parte Upshaw*, 45 Ala. 234; *State v. Bower*, 14 Ind. 195; *Walker v. Dunham*, 17 Ind. 483; *McReynolds v. Smallhouse*, 8 Bush [Ky.] 447; Cooley's Const. Lim. § 144. The particularity with which the title is to be expressed, rests with the Legislature, and is largely a matter of discretion: *People v. Briggs et al*, 50 N. Y. 553; *State v. Silver*, 9 Nev. 227. Considering the drift of decisions, it would seem that this act cannot be held invalid by reason of defective title. While the punishment of drunkenness is somewhat removed from the regulation of the sale of intoxicating liquors, yet it is caused by the sale, and if the sale could be absolutely prohibited there would be no drunkenness; and if all drunkenness could be prevented the amount of liquor sold would be materially reduced. It indirectly, if not directly, relates to the subject expressed in the title, and has a "natural connection therewith." To hold the law valid, does not require as liberal a construction as the holding in *O'Leary v. Cook County*, 28 Ill. 534, that an act, "providing for the incorporation of the Northwestern University," could also contain a provision prohibiting the sale of spirituous liquors within four miles. It might require a slight draft upon the imagination, to see a natural connection between the establishment of a university, and the prohibition of the sale of liquors; yet for the better management of such an institution, and the removal of temptation from its pupils, such a police regulation would be proper and useful.

MORSE, J. The respondent was convicted in justice's court

of having been drunk and intoxicated in an assemblage of people, in the dwelling-house of one Cyrus Smith, in the township of Bingham, in the county of Clinton, " collected together for the purpose of a social dance," contrary to section 7 of act No. 259, of the Session Laws of 1881. How. Stat. § 2276.[1]

Upon appeal to the circuit court the question of the constitutionality of this section was properly raised by his counsel. The circuit judge held the section to be constitutional, and the respondent was again convicted.

The case comes to this Court on exceptions.

It is claimed that under section 20 of article 4 of the Constitution, which provides that " no law shall embrace more than one object, which shall be expressed in its title," this section is invalid and void. The title to act 259, Laws 1881, reads :

" An act to regulate the sale of spirituous, malt, brewed, fermented and vinous liquors ; to prohibit the sale of such liquors to minors, to intoxicated persons, and to persons in the habit of getting intoxicated ; to provide a remedy against persons selling liquors to husbands or children in certain cases ; and to repeal all acts, or parts of acts inconsistent herewith."

Section 7 of the act is as follows :

" Any person who, by false pretense, shall obtain any spirituous, malt, brewed, fermented, or vinous liquors, or who shall be drunk or intoxicated in any hotel, tavern, inn, or place of public business, or in any assemblage of people, collected together in any place for any purpose, or in any street, alley, lane, highway, railway, or street car, or in any other public place, shall, on conviction thereof, be punished," etc.

---

[1] Repealed by act. No. 172, Session Laws of 1887, p. 180.

Act No. 4, Session Laws of 1887, enacts

"That any person who shall be drunk or intoxicated in any hotel, tavern, inn or place of public business, or in any railway car, or street car, or in any street, alley, lane, highway, or railway, or other public place, or in any public assemblage of people, shall, on conviction thereof before any court of competent jurisdiction, be punished by a fine not exceeding twenty dollars, and the costs of prosecution, or by imprisonment in the common jail of the county not exceeding thirty days, or by both such fine and imprisonment in the discretion of the court."

This section is clearly repugnant to the constitutional provision above quoted. By no reasonable construction can the purpose of this section be said to be embraced within the title of the act. The punishment of a person for being drunk, without reference to where he obtained the means of intoxication, can have no possible connection with the object of the act as set forth in its title.

The whole aim of the statute is to regulate and prevent the sale of liquors, and to provide a remedy for those who are injured by illegal sales.

Under the provisions of this section 7, the offense is general against all persons who may be drunk or intoxicated in certain places. It is not aimed at liquor sold under this statute to the person offending. He may be as drunk as he pleases in his own dwelling or office, if a crowd be not assembled, upon liquor sold legally or illegally under the act, and he is not amenable to this section; but if he imports his liquor from abroad, and becomes intoxicated upon it in any of the prohibited places, he is liable to punishment.

The provisions of this section, if faithfully executed, can have no bearing upon the expressed object of the statute, having no tendency to regulate or prevent the sale of liquors, or to provide any remedy to those injured by such sale. It is nothing more nor less than the insertion, in the body of the act, of a clause creating and punishing a misdemeanor entirely foreign to the ostensible purpose of the statute as entitled.

No person reading the title would dream of any such provision being contained in the act. If allowed to stand, the beneficent purpose of the Constitution is nullified and set at defiance.

The section in the Constitution prohibiting legislation of this character, is a wise and wholesome one, intended to prevent legislators from being entrapped into the careless passage of sections and clauses in bills of which the title gives no intimation : *People v. Kurtz*, 33 Mich. 281.

The propriety of such an inhibition is apparent to all, and it must be observed and protected by the courts.

The judgment of the court below is reversed, and the respondent must be discharged from custody.

The other Justices concurred.