ADOLPHUS A. ELLIS, PROSECUTING ATTORNEY, v. FREDERICK S. HUTCHINSON, JUSTICE OF THE PEACE.

*Constitutional law—Title of act—Fraudulent disposal of chattel-mortgaged property.*

The provisions of Act No. 157, Laws of 1887, in so far as they relate to " chattel-mortgaged " property, are not covered by the title of the act, and are therefore unconstitutional.

*Mandamus.* Submitted May 1, 1888. Denied May 10, 1888.

Relator applies for *mandamus* to compel respondent to proceed with the examination of one Lehman, charged with embezzling chattel-mortgaged property. The facts are stated in the opinion.

*A. A. Ellis,* in *pro. per.,* for relator.

*Davis & Nichols,* for respondent.

SHERWOOD, C. J.  On April 17, 1888, Albert F. Lehman was arrested, charged with the offense of embezzling property upon which he had given a chattel mortgage.  He was taken before Frederick F. Hutchinson, Esq., a justice of the peace in the city of Ionia, for examination.  The arrest was made under Act No. 157, Laws of 1887.

.Objection being made by counsel for respondent to proceeding further in the matter, on the ground that the act is unconstitutional, the respondent refused to continue the examination further without the direction of this Court; and therefore the relator applied for an order to show cause why peremptory *mandamus* should not issue requiring respondent to proceed with the examination.

In return to this order he insists that the act is in violation of section 20 of Article 4 of the Constitution, which requires that—

" No law shall embrace more than one object, which shall be expressed in its title."

The statute under which the prosecution is sought to be maintained reads as follows:

" Any person who shall fraudulently embezzle, remove, conceal, or dispose of any goods or chattels mortgaged, leased, or let to him by any mortgage, written lease, or other instrument in writing intended to operate as a mortgage or lease, or any personal property of another in his possession under a mortgage or contract of purchase not yet fulfilled, and any person in possession of such goods or chattels knowing them to be subject to such lease, contract of purchase, or mortgage, who shall so embezzle, remove, conceal, or dispose of the same, with the intent to injure or defraud the lessor, mortgagee, or owner thereof, which shall be of the value of $25 or more, shall be deemed guilty of a felony, and shall upon conviction thereof be punished by imprisonment in the State prison not more than two years, or by fine not more than $250, or by imprisonment in the county jail not more than six months.

" If the property embezzled, removed, concealed, or disposed of, as aforesaid, shall not be of the value of $25, the

person thus offending shall be deemed guilty of a misdemeanor, and be punished by a fine not exceeding $100, or by imprisonment in the county jail not exceeding three months, or both, in the discretion of the court."

The title to the act reads as follows:

"An act to amend section one of Act No. 43, of the Laws of 1873, the same being compiler's section 9188 of Howell's Annotated Statutes, relative to the 'fraudulent removal 'or embezzlement of property leased, or under contract of purchase, and to repeal section two of said act, the same being compiler's section 9189 of Howell's Annotated Statutes."

The section referred to to be amended makes no reference to chattel mortgaged property, and the section referred to to be repealed merely names the court to take jurisdiction of cases arising under the act amended, which does not relate to the mortgage lien at all.

Act No. 73, Laws of 1861, contains a single·section, and has for its object, as well as provides for, the punishment of persons fraudulently disposing of chattel-mortgaged property. See How. Stat. § 9187. This act was expressly repealed by Act. No. 154, Laws of 1887, and which had no other object. This was done the same day of the passage of the act under which the respondent is prosecuted.

It will be observed that nowhere in the title to the act in question is it intimated that chattel-mortgaged contracts were to be considered in the proposed act, nor that a violation of such contracts was to make the offender liable to criminal punishment;· but, on the contrary, the object stated in the title is clearly to punish persons for acts committed to property held under contracts of an entirely different character, and with which the lien created by a chattel mortgage cannot be classed and has no place; and it is very evident the title to the act does not include any such contract, and it was no part of the object expressed therein.

The provisions of the act legislating upon the subject of mortgage lien, and providing penalties for its violation in the

manner stated therein, is too broad for its title, and is, so far as it relates to "chattel mortgaged" property, a violation of the provision of the Constitution referred to, and the justice was right in so holding.

The writ will therefore be denied.

CHAMPLIN, MORSE, and LONG, JJ., concurred.