## TITUS *v.* CHASE.

TOWNSHIPS — RECOVERY FOR SHEEP KILLED BY DOGS — JUSTICE'S
AWARD—REVIEW OF PROCEEDINGS.

2 Comp. Laws 1897, § 5600, provides that, whenever any person shall sustain loss by the killing or wounding of his sheep by dogs, he may call on a justice of the peace, who shall proceed to view the sheep, and if, from such view, he shall be satisfied that the sheep were killed or wounded by dogs, he shall make a certificate thereof in writing, stating the damages sustained. Section 5601 provides that the township board shall examine all such certificates, and, if satisfied that the damages are excessive, they may reduce the same to a just amount, and may order the payment of the just loss out of the dog-tax fund. *Held,* that the determination of the justice cannot be reviewed by the courts, nor his award be increased by the township board.

Appeal from Van Buren; Carr, J.  Submitted January 29, 1901.  Decided May 21, 1901.

Bill by Lincoln H. Titus against E. A. Chase and others, composing the township board of the township of Waverly, and Charles W. Dayton and another, justices of the peace of said township, to compel the payment of damages for the killing of certain sheep out of the dog-tax fund.  From a decree dismissing the bill, complainant appeals.  Affirmed.

.The defendants are members of the township board of the township of Waverly, and the bill is filed against them in their official capacity.  The bill alleges that in June, 1899, 12 sheep and 10 lambs belonging to complainant were killed by dogs, and that 4 others were wounded; that he applied to Charles W. Dayton, a justice of the peace, to appraise the damages, under section 5600, 2 Comp. Laws 1897; that the justice repaired to the premises and viewed the sheep and lambs killed, but that,

through negligence and gross carelessness, he failed to ascertain the whole number of sheep and lambs killed and wounded, and fixed the damages at $21; that on the 27th of March, 1900, complainant appeared before the township board prepared with proof to show the inadequacy of the award; and that the justice then asked permission to amend his certificate to show the number of sheep and lambs killed as 8 and 2, respectively, and fix the damage at $25. This amendment was made. The bill alleges that the allowance was still grossly inadequate, and that the board refused to make further allowance or to hear testimony, and prays that the township board may be decreed to pay out of the dog-tax fund all such damages as may be found due to complainant by the court. The defendants demurred to this bill. The demurrer was sustained, and complainant appeals.

*T. J. Cavanaugh*, for complainant.

*James E. Chandler* and *Benjamin F. Heckert*, for defendants.

MONTGOMERY, C. J. (*after stating the facts*). The question presented is whether the legislature intended that the determination of the justice should be subject to review by the courts, or that the township board should be authorized to enter upon a general retrial of the case, and increase the damages awarded by the justice. The statute gives a new right or remedy. Except as provided by this act, one suffering a loss of sheep in the manner complained of has no right or remedy against the township, or against any fund in its hands. The statute (section 5600, 2 Comp. Laws 1897) provides that the justice "shall proceed to view the sheep or lambs so killed or wounded, and if, *from such view*, he shall be satisfied that the same were killed or wounded by a dog or dogs, he shall make a certificate thereof in writing, stating the amount of damages sustained." The next section provides that:

" At the annual meeting of the township board in each year, * * * said board * * * shall examine all certificates of damage filed by the clerk, as aforesaid, during the preceding year, and, if satisfied that in any case or cases the certified damages are excessive, they may reduce the same to such amount as they may consider just, and may order the payment of all such loss as they may consider just out of the fund aforesaid."

No machinery is provided for a trial of the question of fact before the justice. The proceeding is summary, and the determination of the justice is on view of the injured or dead sheep. The provision that the township board may reduce the award of the justice is for the purpose of safeguarding the interests of the township, and does not imply a power to increase the damages. We do not think the determination of the justice is open to review by the courts, nor do we find authority for an increase of the allowance by the township board.

The decree will be affirmed, with costs.

The other Justices concurred.