PEOPLE v. BLUMRICH.

1. CONSTITUTIONAL LAW—TITLE—SUFFICIENCY.
   That the title of an act is general, is not ground of objection to it so long as the enactment does not cover legislation that is incongruous, or that cannot be construed to be connected with it, by fair intendment.

2. SAME—TITLE—CONSTRUCTION.
   In determining whether or not a statute is broader than its title, the court is confined to a consideration and construction of the title as it has been framed by the legislature. The court cannot speculate as to what the legisature might have intended to say, but must rely solely upon what it has said in the title under consideration.

3. SAME — CIGARETTE LAW — CRIMINAL LAW — TOBACCO — USE BY MINORS—TITLE OF ACT.
   Act No. 226, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 5295 et seq.), prohibiting the manufacture and sale of adulterated cigarettes and prohibiting the sale to minors, under penalty of fine or imprisonment, is unconstitutional and void, in so far as and because the title, "An act to prohibit the manufacture, sale or use of adulterated cigarettes and prohibiting the use of cigarettes by minors," is insufficient to warrant the insertion of a clause prohibiting the sale of cigarettes to minors.

Exceptions before sentence from Kent; Perkins, J. Submitted June 30, 1914. (Docket No. 121.) Decided December 18, 1914.

Richard E. Blumrich was convicted of selling cigarettes to a minor, contrary to statute. Reversed, respondent discharged.

*Earl F. Phelps*, Prosecuting Attorney, for the people.

*H. Monroe Dunham* and *Stuart E. Knappen,* for respondent.

McALVAY, C. J.   This is a case which originated in the police court of Grand Rapids, from which it was appealed to the circuit court of Kent county, where, upon trial, respondent was found guilty. Respondent has removed the case to this court for review upon exceptions before sentence.

Respondent, who was employed in a cigar store in the city of Grand Rapids, was prosecuted for selling cigarettes to James Sproat, a minor of the age of 17 years, in violation of Act No. 226, Pub. Acts 1909, of this State (2 How. Stat. [2d Ed.] §§ 5295-8), prohibiting such sale. The facts are undisputed. It will therefore be unnecessary to relate the circumstances in detail, except that the cigarettes were not purchased by the minor to be used by him, but for the purpose of obtaining evidence for prosecution.

Respondent, in all the courts in which this case has been heard, as well as in this court, challenges the constitutionality of Act No. 226, Pub. Acts 1909, and particularly section 2 thereof, under which this prosecution was brought, for the reason that it contravenes the provisions of section 21 of article 5 of the Constitution of the State of Michigan, which reads as follows:

"No law shall embrace more than one object, which shall be expressed in its title."

The title of the act under consideration reads:

"An act to prohibit the manufacture, sale or use of adulterated cigarettes, and prohibiting the use of cigarettes by minors."

Respondent was arrested and prosecuted under section 2 of this act, which reads as follows:

"Any person within this State who sells, gives to, or in any way furnishes any cigarettes in any form to any person under twenty-one years of age shall be punished by a fine not to exceed fifty dollars, or im-

prisonment in the county jail not to exceed thirty days for each offense."

While all of the provisions of this act are not in question, yet we think it will be helpful to a better understanding of the question involved in the case if we quote the entire body of the act, which is not of great length, as follows:

"No. 226.

"An act to prohibit the manufacture, sale or use of adulterated cigarettes, and prohibiting the use of cigarettes by minors.

*"The people of the State of Michigan enact:*

"SECTION 1. Any person within the State who manufactures, sells or gives to any one, any cigarette containing any ingredient deleterious to health, foreign to tobacco, shall be punished by a fine of not more than fifty dollars, or imprisonment in a county jail for not more than thirty days.

"SEC. 2. Any person within this State who sells, gives to, or in any way furnishes any cigarettes in any form to any person under twenty-one years of age shall be punished by a fine not to exceed fifty dollars, or imprisonment in the county jail not to exceed thirty days for each offense.

"SEC. 3. Any person under twenty-one years of age who shall smoke or use cigarettes, in any form on any public highway, street, alley, park or other lands used for public purposes, in any public place of business, may be arrested by any officer of the law, who may be cognizant of such offense; and further, it shall be the duty of all such officers, upon complaint of any person and upon warrant properly issued to arrest such offenders and take them to the proper court. In case the offender is found guilty, the court may impose a punishment at its discretion, in the sum of not to exceed ten dollars or imprisonment in the county jail not to exceed five days for each offense: *Provided,* that if said minor person shall give information which may lead to the arrest of the person or persons violating section two of this act, in giving to or selling, or in any way furnishing said minor person tobacco or cigarettes, and shall give evidence

as a witness in such proceedings against said party or parties, the court shall have power to suspend sentence against such minor person.

"SEC. 4. Any person who knowingly harbors any person under twenty-one years of age, or grants to them the privilege of gathering upon or frequenting any property or lands held by him, for the purpose of indulging in the use of cigarettes, in any form, shall be held in the same penalty as provided for in section two of this act: *Provided,* that no part of this act shall be construed as to interfere with the rights of parents or lawful guardians in the rearing and management of their minor heirs or wards within the bounds of their own private premises.

"Approved June 2, 1909."

Respondent contends that the provisions of section 2 are not within the contemplation of the entitling of this act, and are therefore void. The act, as indicated by its title, quoted .*supra,* prohibits the manufacture, sale, or use of adulterated cigarettes, and also prohibits the use of cigarettes by minors. The only prohibition of sale expressly indicated by this entitling relates to adulterated cigarettes. From reading the act above quoted it clearly appears that it only undertakes to prohibit the use of cigarettes by minors in public places, and makes it no offense for a minor to use cigarettes in any other place. In connection with this statement the final proviso contained in the act is illuminating. It reads as follows:

"*Provided,* that no part of this act shall be construed as to interfere with the rights of parents or lawful guardians in the rearing and management of their minor heirs. or wards within the bounds of their own private premises."

This statute therefore contemplates that a minor may use cigarettes with the consent of his parents or guardians within the bounds of their own private premises. So it is clear that it was not within the legislative intent to provide anything more than a

modified prohibition of the use of cigarettes by minors.

If the offense created by section 2, under which respondent was prosecuted and found guilty, can be found to be within the fair intendment of the entitling of this act, it must be under the last clause "prohibiting the use of cigarettes by minors." Doubtless this was intended by the legislature to be in the nature of a prohibitive act, and for that purpose was clearly within the legislative authority. Fairly stated, it was the legislative intent to prohibit absolutely the manufacture, sale, or use of adulterated cigarettes, and to prohibit, to a certain extent, the use of all cigarettes by minors. Whether the provisions of section 2 absolutely prohibiting the sale of all cigarettes to minors can be sustained under this entitling will depend upon whether it can be considered by fair intendment as having a necessary or proper connection with the clause in the title of the act prohibiting the use of cigarettes by minors.

The highest authority states this proposition as follows:

"The generality of a title is therefore no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection." Cooley's Constitutional Limitations (7th Ed.), p. 206, and cases cited.

In determining whether or not a statute is broader than its title, the court is confined to a consideration and construction of the title as it has been framed by the legislature. The court cannot speculate as to what the legislature might have intended to say, but must rely solely upon what it has said in the title under consideration.

"The courts cannot enlarge the scope of the title; they are vested with no dispensing power; the Constitution has made the title the conclusive index to the

legislative intent as to what shall have operation; it is no answer to say that the title might have been made more comprehensive, if in fact the legislature have not seen fit to make it so." Cooley's Constitutional Limitations (7th Ed.), p. 212.

See, also, *Callaghan* v. *Judge of Superior Court*, 59 Mich. 610, at page 614 (26 N. W. 806).

In the instant case the title to this act, as already stated, contains no prohibition upon the sale of cigarettes to minors. It does contain a prohibition as to the use of cigarettes by minors, and the body of the act provides for the prohibition of such use in public places only. By section 2 of the act a criminal offense is created, and a person who sells, gives, or furnishes to any minor any cigarettes is liable to be punished by fine or imprisonment. Taking into consideration this title which the legislature has given this act, and by which we must be guided, it is our conclusion that section 2 by no fair intendment can be construed as having a necessary or proper connection with it.

It follows that the provisions of this section are broader than the title of the act, and to that extent this statute is unconstitutional and void. *People* v. *Beadle*, 60 Mich. 22-25 (26 N. W. 800) ; *Ellis* v. *Hutchinson*, 70 Mich. 154 (38 N. W. 14) ; *Grosvenor* v. *Duffy*, 121 Mich. 220-223 (80 N. W. 19). The other question presented does not require discussion.

The conviction will be set aside, and the respondent discharged.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.