## FREMONT CANNING CO. *v.* WATERS.

1. CONSTITUTIONAL LAW—STATUTES—PRESUMPTIONS.

> The presumption being in favor of the constitutionality of a statute, before the courts are justified in declaring an act unconstitutional its repugnancy to the Constitution must clearly appear.

2. SAME— LICENSING DOGS — COMPENSATING OWNERS OF SHEEP KILLED BY DOGS.

> Act No. 347, Pub. Acts 1917, entitled "An act regulating the ownership and custody of dogs, providing for license and registration thereof, and the disposition of moneys received from license fees, and prescribing penalties for violation of this act," and to repeal Act No. 48, Pub. Acts 1901, and all amendments thereto, *held*, not in conflict with section 21, Art. 5, of the Constitution, providing that no law shall embrace more than one object, which shall be expressed in its title.

3. SAME—DUE PROCESS OF LAW—TOWNSHIPS.

> Nor is said act in conflict with section 16, Art. 2, of the Constitution, providing that no person shall be deprived of his property without due process of law, because, under the act in question, the duty to pass on a claim for sheep killed by dogs devolved upon a justice of the peace rather than the township board, the fund from which said claim was paid not being a township fund.

4. SAME—POLICE POWER—REGULATION.

> Said act *held*, not tax legislation, but the exercise of the police power of the State in relation to the licensing of dogs, the killing of sheep and the compensation of the owners thereof.

5. SAME—VESTED RIGHTS—TOWNSHIPS.

> The township has no vested right in a fund created by said act by the licensing of dogs for the sole benefit of sheep owners.

6. APPEAL AND ERROR—MANDAMUS — CERTIORARI — ADMISSIONS — REVIEW.

> On certiorari to review mandamus proceedings by the owner

of sheep to compel the township clerk to draw an order for sheep killed by dogs on the certificate of a justice of the peace, in conformity with Act No. 347, Pub. Acts 1917, where defendant admits in his answer that the certificate of the justice, together with an affidavit made and sworn to by a witness for plaintiff was duly filed with defendant, the latter is in no position to raise the questions that the testimony of said witness was not forwarded, and that it does not appear that he was sworn.

Certiorari to Newaygo; Barton (Joseph), J. Submitted January 21, 1920. (Calendar No. 28,955.) Decided February 27, 1920.

Mandamus by the Fremont Canning Company to compel James L. Waters, clerk of Dayton township, to draw an order in compliance with Act No. 347, Pub. Acts 1917. From an order denying the writ, plaintiff brings certiorari. Reversed.

*White & Reber* (*William J. Branstrom,* of counsel), for appellant.

*Cross, Foote & Sessions,* for appellee.

STONE, J. This is certiorari to mandamus, and the questions raised and discussed relate to the constitutionality of Act No. 347 of the Public Acts of 1917, entitled,—

"An act regulating the ownership and custody of dogs, providing for license and registration thereof, and the disposition of moneys received from license fees, and prescribing penalties for violation of this act, and to repeal act number forty-eight of the Public Acts of nineteen hundred one, and all amendments thereto."

By the record it appears that on the night of February 8, 1919, a flock of sheep owned by the plaintiff was attacked by a dog or dogs, while properly confined upon a farm owned by the plaintiff in Dayton town-

ship, Newaygo county, resulting in the death of 121 sheep. As soon as the damage was discovered, and on February 9, 1919, the plaintiff, pursuant to the provisions of said Act No. 347, requested Jesse E. Garlough, a disinterested justice of the peace of said township, to view the damages caused by the attack above mentioned, and to make his certificate thereof. On the same date the said justice made his certificate, a true copy of which appears in the record, specifying that 121 sheep owned by the plaintiff were killed by a dog, or dogs, and stating the amount of the damage therefrom to be the sum of $1,348.80. This certificate was thereupon delivered by the justice to the defendant, who was then, and is now, the township clerk of Dayton township. The plaintiff requested the defendant to draw an order upon the special fund provided by the said act, for the amount of the damages so certified by the justice, and payable to the order of the plaintiff. The defendant refused to do this, and a formal demand was made upon him, which was likewise refused. It appears that no order had ever been drawn or tendered to the plaintiff with respect to the claim. A petition for mandamus was then filed in the circuit court, against the defendant, the township clerk, to enforce his compliance with the provisions of said act. The usual order to show cause was made, and in the return or answer of the defendant, substantially all of the allegations of fact in the petition were admitted, but the defense was based upon the ground that said Act No. 347 is unconstitutional in several respects.

The circuit court held the act unconstitutional and dismissed the petition. The precise ground upon which the learned circuit judge held the act unconstitutional does not appear in the record, the order denying the petition stating that said petition was "denied for the reason that Act No. 347 of the Public

Acts of 1917, under which the action is brought, and sought to be sustained, is considered unconstitutional."

The grounds upon which defendant's counsel claim the act to be unconstitutional are:

(1) That it is in conflict with, and in violation of the provisions of section 21 of article 5 of the Constitution of this State, which provides that "No law shall embrace more than one object, which shall be expressed in its title."

(2) Because it is in conflict with, and in violation of the provisions of section 16 of article 2 of the Constitution of this State which provides that "no person shall * * * be deprived of his * * * property, without due process of law."

1. In support of the first contention, it is claimed by counsel that there is nothing in the title of the act, indicating that it creates a fund for the payment of damages for sheep killed or wounded by dogs in certain cases, or that it authorizes township funds to be disbursed upon the certificate of a justice of the peace, without the regulatory control of the township board; and it is also urged that no person examining the title of the bill while it was pending in the legislature would have suspected that it created a fund for the payment of damages for sheep killed or wounded by dogs in certain cases, but that it would naturally have been inferred that the disposition of moneys received from license fees was such disposition as is usually made of license fees, such as depositing the same in some general or special township, county, or State fund or funds for disbursement in the manner provided by law. In support of their contention defendant's counsel cite the following cases: *People* v. *Beadle,* 60 Mich. 22, 25; *Wilcox* v. *Paddock,* 65 Mich. 23; *Brooks* v. *Hydorn,* 76 Mich. 273, 278; *Northwestern Manfg. Co.* v. *Wayne Circuit Judge,* 58 Mich. 381; *Davies* v. *Board of Supervisors,* 89 Mich. 295; *In re Hauck,* 70 Mich. 396, 402; *Wall* v. *Trumbull,* 16 Mich.

228, 237; *Callaghan* v. *Chipman*, 59 Mich. 610, 613; *Vernor* v. *Secretary of State*, 179 Mich. 157 (Ann. Cas. 1915D, 128).

We cannot agree with counsel that the foregoing cases are decisive of the instant case. It has generally been held by the courts that the presumption is in favor of the constitutionality of a statute. This principle has been expressed in many different forms. Before we are justified in declaring an act unconstitutional its repugnancy to the Constitution must clearly appear. 6 R. C. L., title "Constitutional Law," p. 98. Every intendment should be taken in favor of the propriety of the legislative action.

The attorneys for the plaintiff point out with much force that an analysis of this title shows that there are five elements mentioned therein:

(*a*) Ownership and custody of dogs.

(*b*) License and registration thereof.

(*c*) Disposition of moneys received from license fees.

(*d*) Penalties for violation.

(*e*) Repeal of previous act.

A careful examination of the entire act, section by section, will disclose that the subject-matter of each section will fall under one or another of the above elements. The act is too long to be here set forth. We think that it sufficiently appears that a fund is here created for the payment of damages for sheep killed or wounded by dogs in certain cases; and counsel for defendant beg the entire question when they claim that the funds are "township funds." This is not tax legislation, but is legislation in the exercise of the police power of the State in relation to dogs, the killing of sheep, and the compensation of the owners thereof.

As we said in *Home Telephone Co.* v. *Railroad Commission,* 174 Mich. at page 228, we repeat here:

"This court held, in *Westgate* v. *Adrian Township,*
161 Mich. 333, that by the term 'regulate,' in the title
of an act, both government and restriction are intend-
ed.   That case reviews and discusses most of the de-
cisions of this State upon the subject, and may be
cited as covering the entire question of title.   It was
there held that any provision germane to the subject
expressed in a title may properly be included in the
act; that it is sufficient if the title fairly expresses
the subject, or is sufficiently comprehensive to include
the several provisions relating to or connected with
that subject.   (See cases cited.)

"The following authorities also may be examined
upon the point that this prohibition of the Constitution
should receive a reasonable, and not technical con-
struction, and that none of the provisions of a statute
should be regarded as unconstitutional where they all
relate, directly or indirectly, to the same subject, hav-
ing natural connection, and not foreign to the subject
expressed in its title." (See cases cited.)

In *Kurtz* v. *People,* 33 Mich. 279, Justice CAMPBELL,
speaking for the court, said in reference to this pro-
vision:

"It is a very wise and wholesome provision, intend-
ed to prevent legislators from being entrapped into
the careless passage of bills on matters foreign to the
ostensible purpose of the statute as entitled.   But it
is not designed to require the body of the bill to be a
mere repetition of the title.   Neither is it intended
to prevent including in the bill such means as are rea-
sonably adapted to secure the object indicated by the
title."

An examination of the act will show that there are
no matters contained in the body of the act which are
not, at least indirectly, referred to in the title.   Prob-
ably the term "and the disposition of moneys received
from license fees" is the most questionable.   We think,
however, that the procedure necessary to be taken to
enable the owner of sheep to enforce his claim for
damages is what is intended by this clause.   Certainly
it deals with the disposition of the moneys received

from the license fees. We are unable to find any merit in the contention of defendant's counsel upon this question. We think the title in question is broad enough to comprehend the subject-matter of this act.

2. Upon the subject of "due process of law" counsel for defendant cite *People* v. *Dickerson,* 164 Mich. 148 (33 L. R. A. [N. S.] 917, Ann. Cas. 1912B, 688), and Cooley's Constitutional Limitations (7th Ed.), p. 502, where that author adopts the definition given by Daniel Webster in the *Dartmouth College Case,* 4 Wheat. (U. S.) 518, 581, as follows:

"By the law of the land is most clearly intended the general law, a law which hears before it condemns; which proceeds upon inquiry and renders judgment only after trial. The meaning is that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society. Everything which may pass under the form of an enactment, is not, therefore, to be considered the law of the land."

Counsel also cite *Parsons* v. *Russell,* 11 Mich. 114 (83 Am. Dec. 728) ; *Houseman* v. *Kent Circuit Judge,* 58 Mich. 364, 367; *Titus* v. *Chase,* 126 Mich. 621, 623, and other cases. They then assert that "the powers of a township board can no more be conferred upon a justice of the peace than can the powers of a justice of the peace be conferred upon a township board."

In our opinion the authorities cited upon this branch of the case are not applicable to the question we are considering. Under Act No. 48 of the Public Acts of 1901 the duty to pass on the claim we are considering was devolved upon the township board. This act is conceded to be constitutional by counsel. By Act No. 347 of the Public Acts of 1917 that duty was by the legislature placed upon a justice of the peace of the township. May the legislature lawfully do this? We can see no reason why it may not. The township board is not a constitutional body. It is a body created by

the statute. Why a subsequent legislature may not take certain statutory powers and duties from a township board and place them upon a justice of the peace (which last-named officer is a constitutional officer), it is difficult for us to understand. That is just what has been done by said act No. 347. We think that such action was within the power of the legislature.

The procedure under Act No. 347 is not anomalous in this State. There has been for some years a similar statute relating to the payment of bounties for the killing of English sparrows (2 Comp. Laws 1915, § 7260 *et seq.*). There application is made to the township clerk, who issues a certificate stating the amount of bounty. Such certificate is presented to the county clerk, who draws a warrant on the county treasurer. There is similar provision relating to bounties for the killing of common rats (2 Comp. Laws 1915, § 7264 *et seq.*). Other instances might be referred to.

We do not agree with counsel for defendant in the claim that this fund belongs to the township. It does not belong to the township as a township fund, but is created for the sole benefit of sheep owners. The statute creating the fund provides that it shall be paid to a particular class of persons. The township has no vested right in the fund, and the legislature may at any time change or modify the statute. *Davock* v. *Moore,* 105 Mich. 120 (28 L. R. A. 783); *Longyear* v. *Buck,* 83 Mich. 236 (10 L. R. A. 43). As to the constitutionality of a similar statute see *Cole* v. *Hall,* 103 Ill. 30. We think there is no merit in the claim that the township is here being deprived of its property without due process of law.

Finally, it is contended that if Act No. 347 is constitutional and valid, still plaintiff's petition was properly denied, for the reason that the certificate of the justice did not conform with the requirements of section 7 of the act, and for the further reason that the

testimony of the witness Frank Bradway was not forwarded to the defendant with the certificate of damage; also that it does not appear that the witness was sworn. The certificate appears to be in due form. The defendant is in no position to raise the other questions. By the sixth paragraph of the petition for mandamus it was alleged as follows:

"That said certificate of the justice, together with an affidavit made and sworn to by the said Frank Bradway, a copy of which said affidavit is hereto annexed and marked Exhibit B. were, thereupon by said justice, duly delivered to James L. Waters, clerk of said township of Dayton, named respondent herein, and by the said clerk, as your petitioner is informed and verily believes, duly filed and recorded in his office."

In the answer of the defendant appears the following:

"He admits to be true the allegations contained and set forth in the sixth paragraph of said petition."

After an examination of all the questions urged by defendant, we are of the opinion that the court erred in holding said act unconstitutional, and in dismissing said petition. The order and judgment are therefore reversed, with costs to plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.