PEOPLE v. SIGERS.

1. CONSTITUTIONAL LAW—TITLE OF ACT—PENALTY.
   It is unnecessary to indicate in the title of a law that
   it prescribes a punishment for the violation of its pro-
   visions.

2. SAME—PROVISIONS OF ACT GERMANE TO TITLE—"SHARE" IN
   PROCEEDS OF PROSTITUTION.
   In a prosecution under Act No. 389, Pub. Acts 1919, en-
   titled "an act to provide for the punishment of persons
   who share in the proceeds of prostitution, and for the
   competency of certain evidence at the trial thereof," de-
   fendant's contention that the act is invalid because the title
   fails to provide that lack of consideration or that knowl-
   edge of defendant are necessary elements, is without
   merit, since the word "share," as used in the title, means
   "to partake or enjoy with others," "to participate," "to
   have a part or share in," and the language of the act is
   within such meaning, and embraces no act of innocence.

3. SAME—PROVISION FOR COMPETENCY OF TESTIMONY.
   The provision in section 2 of the act, in reference to the
   competency of certain testimony, is held, to be germane
   to the subject expressed in the title.

4. SAME—OBJECT OF ACT EXPRESSED IN TITLE.
   Nor does said act violate section 21, Art. 5, of the State
   Constitution, which requires that "no law shall embrace
   more than one object which shall be expressed in its
   title."

5. CRIMINAL LAW—SHARING IN PROCEEDS OF PROSTITUTION—TRIAL
   —APPEAL AND ERROR.
   Where it cannot be said that the error of the trial judge,
   in a prosecution for sharing in the proceeds of prostitu-
   tion, in referring to the case in his charge to the jury
   as a "pandering case" misled the jury, and the charge
   as a whole fairly submitted the case to them, it will not
   be reversed because of said error.

Error to recorder's court of Detroit; Heston (Wil-

liam M.), J.    Submitted January 12, 1922.    (Docket No. 150.)    Decided March 30, 1922.

Phil Sigers was convicted of sharing in the proceeds of prostitution, and sentenced to imprisonment for not less than 2½ years nor more than 5 years in the Detroit house of correction.    Affirmed.

*William H. Hinton,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Seward F. Nichols,* Assistant Prosecuting Attorney, for the people.

CLARK, J.    The information is under Act No. 389, Pub. Acts 1919:

"An act to provide for the punishment of persons who share in the proceeds of prostitution, and for the competency of certain evidence at the trial thereof.
"*The People of the State of Michigan enact:*
"SECTION 1.    Any person who shall knowingly accept, receive, levy or appropriate any money or other valuable thing without consideration from the proceeds of the earnings of any woman engaged in prostitution, or any person knowing a female to be a prostitute, shall levy or derive support and maintenance, in whole or in part from the proceeds of said prostitute, or from moneys loaned or advanced to or charged against her by any keeper, or manager or inmate of a house or other place where prostitution is practiced or allowed, or shall share in such earnings, proceeds or moneys, shall be deemed guilty of a felony, and on conviction thereof, shall be punished by imprisonment for a term of not more than five years.    Any such acceptance, receipt, levy or appropriation of such money, or valuable thing, shall, upon proceeding or trial for violation of this section, be presumptive evidence of lack of consideration.
"SEC. 2.    Any such female person referred to in the foregoing section shall be a competent witness in any prosecution under this act, to testify for or against the accused as to any transaction, or as to any con-

versation with the accused, or by him with any person or persons in her presence, notwithstanding her having married the accused before or after the violation of any of the provisions of this act, whether called during the existence of the marriage or after its dissolution."

Defendant was convicted, has appealed, and contends: 1. That the act offends section 21, art. 5 of the State Constitution, requiring that "No law shall embrace more than one object which shall be expressed in its title." It is urged that the act prescribes a punishment for a violation of its provisions. It is not necessary to indicate this in the title. *People* v. *Miller*, 88 Mich. 383. Counsel says:

"From its title, any merchant, or any person who received any money from a prostitute, would be guilty of violating its provisions, which, in effect, would restrict the circulation of money. Nothing is mentioned in the title, that lack of consideration was a necessary element or that a knowledge on the part of the defendant is a necessary element."

The contention is without merit. The verb "share" in the title is used intransitively and means to partake or enjoy with others, to participate, to have a part or share in, and the language of the act is within such meaning. The legislation is aimed at and embraces no act of innocence. *People* v. *Petropoulapos, ante,* 198; *Locke* v. *Ionia Circuit Judge,* 184 Mich. 535. The provision as to evidence in the second section of the act is germane to the subject expressed in title. *Westgate* v. *Township of Adrian,* 161 Mich. 333. And under many decisions of this court, the act embraces one object and the title may be said to indicate fairly the purpose of the legislation. The act is valid. *Vernor* v. *Secretary of State,* 179 Mich. 157 (Ann. Cas. 1915D, 128); *Loomis* v. *Rogers,* 197 Mich. 265; *Attorney General* v. *Weimer,* 59 Mich. 580; *Kurtz* v. *People,* 33

Mich. 279; *Fremont Canning Co.* v. *Waters,* 209 Mich. 178; *People* v. *Gogak,* 205 Mich. 260.

2. That the trial judge in his charge spoke of the case at bar as a "pandering case." The statute relating to pandering is 3 Comp. Laws 1915, § 15494 *et. seq.* The offense here charged is not pandering. See *People* v. *Lyons,* 197 Mich. 64. But the trial judge read to the jury the important part of the statute upon which the information was based, instructed fully and correctly of all the elements of the offense charged. We think the jury was not misled by the inadvertent use of the word "pandering" in an unimportant and perhaps unnecessary paragraph of the charge. The charge as a whole fairly submitted the case to the jury.

The other assignments do not merit discussion.

Conviction and judgment affirmed.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.