PEOPLE *v.* WOHLFORD.

Constitutional Law — Statutes — Title of Act — Venereal Diseases—Criminal Law—Physicians.

On reviewing, under Act No. 159, Pub. Acts 1917, the action of the trial judge in setting aside the conviction of a physician charged with a violation of Act No. 272, Pub. Acts 1919, requiring physicians to report to the State department of health any case of venereal disease treated by them, the title of said Act No. 272 is *held*, sufficient under the Constitution; its purpose being clearly indicated in the first words "An act to protect the public health," etc.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J.    Submitted January 18, 1924. (Docket No. 144.)    Decided March 5, 1924.

Curtis T. Wohlford was convicted of violating Act No. 272, Pub. Acts 1919, § 2, and on motion was discharged on the ground of the unconstitutionality of the

On sufficiency of title of statute embodying a code or compilation of laws, see note in 55 L. R. A. 836.

act. The people under Act No. 159, Pub. Acts 1917, bring error. Reversed.

*Andrew B. Dougherty,* Attorney General, *Fred L. Warner,* Assistant Attorney General, and *Cornelius Hoffius,* Prosecuting Attorney, for the people.

*S. Wesselius,* for appellee.

Sharpe, J. Defendant was convicted of a violation of section 2 of Act No. 272, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5145 [8]), which requires physicians to report any case of venereal disease treated by them to the State department of health. Section 4 prescribes a penalty for failure to do so. He moved for his discharge in arrest of sentence, for the reason that said act is unconstitutional and void. The trial court held that the object of the act is not expressed in the title, as required by section 21 of article 5 of the Constitution of this State. The conviction was set aside, and the defendant discharged. The prosecution reviews the judgment thus entered by writ of error under the provisions of Act No. 159, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 15842). The title to Act No. 272 reads as follows:

"An act to protect the public health; to prevent the spreading of venereal diseases, to prescribe the duties and powers of the State department of health and of local health officers and health boards with reference thereto, and to make an appropriation to carry out the provisions hereof."

The constitutional provision that "No law shall embrace more than one object, which shall be expressed in its title" is mandatory, and a failure on the part of the legislature to obey it is sufficient to void the law. The purpose of the provision is plain. It was thereby sought to prevent abuses brought about by bills having, apparently, a harmless-looking title, containing

provisions not discernible therefrom. The purpose of the title is to indicate the contents of the act, to challenge the attention of the legislators, and those affected by it, thereto. The test to be applied is, whether the language of the title is sufficient to give notice of the general subject of the legislative act and the interests likely to be affected thereby. The effort usually made by the person drafting the bill is to make the title as concise as possible, but broad enough to indicate its scope with clearness. It does not in itself create, repeal, or put a law into effect.

The purpose of this act is clearly indicated in the first words of the title: "An act to protect the public health." The language which follows is suggestive that such protection is to be afforded by preventing the spread of venereal diseases, and that certain duties and powers are conferred upon the State department of health to accomplish this result. The general purpose is clearly expressed. The means for its accomplishment are clearly stated. In our opinion, it was sufficiently broad to permit the enactment of the several provisions which follow.

It is a well-known fact that venereal diseases are communicable. Their spread can be prevented only by the segregation of the persons afflicted or other means known only to physicians and the health authorities. We think a physician reading the title to this act would know that it probably contained provisions relative to his treatment of such diseases. These diseases as a rule are treated only by physicians, and an act to protect the public health by prevention of their spread would seem to necessarily contain provisions regulating their conduct in such treatment. The title is certainly sufficient to give them notice that their interests are likely to be affected by the provisions of the act, and that is all that the constitutional provision requires in this respect.

This subject was reviewed and discussed at length

by Mr. Justice STEERE in *Loomis* v. *Rogers,* 197 Mich. 265.    At page 271 it was said:

"A title is but a descriptive caption, directing attention to the subject-matter which follows.    It is obvious that one reading the title would readily understand that the general object of the law was a measure for constructing and improving highways by some method not already fully provided, for which purpose money might be borrowed and taxes assessed and collected within certain limits, and that to ascertain the particulars of the method by which the object is to be accomplished, resort must naturally be had to the body of the act."

Later cases in which this question was considered are: *People* v. *Gogak,* 205 Mich. 260; *Bay City* v. *Saginaw-Bay City Railway Co.,* 207 Mich. 419; *Fremont Canning Co.* v. *Waters,* 209 Mich. 178; *People* v. *Sigers,* 217 Mich. 578; *Moore* v. *Harrison,* 224 Mich. 512.

This disposes of the question discussed by counsel in their briefs.    We have, however, considered the other reasons assigned for arresting judgment, and find them to be without merit.

The judgment entered will be set aside.    The trial court will proceed to sentence.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.